RATAJ v CITY OF ROMULUS

Docket No. 315669. Submitted September 10, 2014, at Detroit. Decided
      September 23, 2014, at 9:25 a.m.

      Michael A. Rataj filed an action in the Wayne Circuit Court against
      the city of Romulus and the Romulus Police Department (RPD).
      The action arose under the Freedom of Information Act (FOIA),
      MCL 15.231 *et seq.*, and was related to a police officer's alleged
      assault of an unnamed individual who had been arrested and
      handcuffed. Plaintiff sought the disclosure of all records pertain-
      ing to the assault, including an unredacted copy of the official
      incident report, any other internal reports, and any videorecord-
      ings. The RPD had originally granted plaintiff's FOIA request in
      part and denied it in part, providing a copy of the incident report
      with the names, addresses, dates of birth, and telephone numbers
      of all persons redacted. The RPD further confirmed that a video of
      the incident existed, but stated that it was not being released at
      the request of the arrestee because of safety concerns. In the FOIA
      action, defendants moved for summary disposition, arguing that
      the records plaintiff sought were exempt from disclosure as a
      matter of law because they (1) contained information of a personal
      nature and disclosure would constitute a clearly unwarranted
      invasion of privacy under MCL 15.243(1)(a), (2) were law enforce-
      ment investigation records and disclosure would constitute an
      unwarranted invasion of privacy under MCL 15.243(1)(b)(*iii*), (3)
      related to law enforcement departmental discipline and personnel
      matters under MCL 15.243(1)(s)(*ix*). Alternatively, defendants
      argued that the court should hold an evidentiary hearing or review
      the requested records in camera before ordering any disclosure.
      Plaintiff requested that the court enter a judgment in his favor
      pursuant to MCR 2.116(I)(2). The court, Robert J. Colombo, Jr., J.,
      ruled that the requested information was exempt from disclosure
      pursuant to MCL 15.243(1)(a). The court also concluded that the
      interest in disclosure was outweighed by the interest in protecting
      the individual's privacy and rejected the argument that disclosure
      of the information would serve the public interest by shedding
      light on the operations of the RPD. Accordingly, the court granted
      summary disposition in favor of defendants with regard to plain-
      tiff's request for the arrestee's identity, the unredacted incident

report, and the videorecording. Regarding plaintiff's request for any RPD reports concerning internal investigations or the discipline of the officer, the court ruled that plaintiff had not sufficiently described those records within the meaning of MCL 15.233(1) and that even if the records existed and plaintiff had described them sufficiently, the records would be exempt from disclosure under MCL 15.243(1)(s)(ix). Accordingly, the court also granted summary disposition for defendants with respect to plaintiff's request for those records. The court further concluded that it was unnecessary to conduct an in camera review of the requested information. Plaintiff appealed.

The Court of Appeals *held*:

1. FOIA reflects the state's policy favoring public access to governmental information, recognizing the need of citizens to be informed as they participate in democratic governance and the need for public officials to be held accountable for the manner in which they perform their duties. FOIA is a prodisclosure statute, and its disclosure provisions must be interpreted broadly to ensure public access. While FOIA contains several exemptions from the duty to disclose in MCL 15.243, they must be construed narrowly, and the burden of proof rests with the party asserting an exemption. Under FOIA, a public body must disclose all public records that are not specifically exempt under the act.

2. The videorecording was subject to disclosure under FOIA, and the circuit court erred by concluding otherwise. MCL 15.232(e) defines a public record as a writing that is prepared, owned, used, in the possession of, or retained by a public body in the performance of an official function, from the time it is created. A videorecording is a writing as defined under MCL 15.232(h), and the video in question was in the RPD's possession. MCL 15.243(1)(a) provides that a public body may exempt from disclosure information of a personal nature if public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy. This exemption requires a two-pronged analysis. Under the first prong, information is of a personal nature if it is intimate, embarrassing, private, or confidential. It was alleged by the parties that the videorecording showed the arrestee spitting on the officer and using a racial slur. This information could be considered embarrassing and therefore of a personal nature. For the second prong, the question is whether public disclosure of the information contained in the videorecording would constitute a clearly unwarranted invasion of an individual's privacy. Answering this question requires the court to balance the public interest in disclosure against the interest the Legislature intended the ex-

emption to protect. The only relevant public interest in disclosure to be weighed in this balance is the extent to which disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding of the operations or activities of the government. Accordingly, it was necessary to ask whether the requested information would shed light on the governmental agency's conduct or further the core purposes of FOIA. In all but a limited number of circumstances, the public's interest in governmental accountability prevails over an individual's expectation of privacy. Notwithstanding the personal and embarrassing information that was depicted on the videorecording, the video would shed light on the operations of the RPD and, in particular, its treatment of those arrested and detained by its officers. While the circuit court was concerned about plaintiff's motives for seeking disclosure of the videorecording, initial and future uses of information requested under FOIA are irrelevant when determining whether the information falls within an exemption, as is the identity of the person seeking the information. Moreover, because the videorecording was plainly subject to disclosure, it would have been unnecessary for the circuit court to review the video in camera.

3. The circuit court erred by granting defendants summary disposition with respect to redaction of the names of the arrestee and the officer because they were also subject to disclosure under FOIA. Absent special circumstances not present in this case, an individual's name is not information of a personal nature within the meaning of MCL 15.243(1)(a), and there was no need to consider the second prong of the privacy-exemption analysis.

4. The other personal information in the incident report pertaining to the arrestee and the officer (home addresses, dates of birth, and telephone numbers) was exempt from disclosure under FOIA. For purposes of the second prong of the privacy-exemption analysis, the information would have revealed little or nothing about a governmental agency's conduct, nor would it have furthered the stated public policy underlying FOIA. Because the other personal information was exempt from disclosure under MCL 15.243(1)(a), it was properly redacted from the incident report.

5. Any RPD internal investigation reports and personnel records pertaining to the assault incident were also exempt from disclosure under FOIA. Under MCL 15.243(1)(s)(*ix*), internal investigation reports and personnel files of a law enforcement agency are exempt from disclosure unless the public interest in disclosure outweighs the public interest in nondisclosure in the

particular instance. While the circuit court erred by relying on an unsigned, unnotarized affidavit to conclude that the interest in nondisclosure outweighed the public interest in disclosure of any internal investigation reports and personnel files, its ultimate conclusion was nonetheless correct.

6. Because defendants wrongfully denied plaintiff's FOIA request insofar as it sought disclosure of the videorecording and the names of the arrestee and the officer involved in the assault, plaintiff's FOIA action and appeal were necessary to compel disclosure of the information requested. Having prevailed in part in his action, plaintiff was entitled under MCL 15.240(6) to an appropriate portion of his attorney fees, costs, and disbursements, and the circuit court was directed on remand to determine the fees, costs, and disbursements incurred by plaintiff, including attorney fees and costs necessitated by the appeal, and award him an appropriate portion of them. The circuit court was also directed to determine whether plaintiff was entitled to punitive damages pursuant to MCL 15.240(7).

Affirmed in part, reversed in part, and remanded.

1. PUBLIC RECORDS — FREEDOM OF INFORMATION ACT — VIDEORECORDINGS.

A videorecording is a public record subject to disclosure under the Freedom of Information Act, MCL 15.231 *et seq.*

2. PUBLIC RECORDS — FREEDOM OF INFORMATION ACT — EXEMPTIONS FROM DISCLOSURE — UNWARRANTED INVASIONS OF PRIVACY — MOTIVES FOR SEEKING DISCLOSURE.

MCL 15.243(1)(a) provides that a public body may exempt from disclosure under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, information of a personal nature if public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy; the exemption requires a two-pronged analysis; under the first prong, information is of a personal nature if it is intimate, embarrassing, private, or confidential; for the second prong, the question is whether public disclosure of the information contained in the videorecording would constitute a clearly unwarranted invasion of an individual's privacy; answering this question requires the court to balance the public interest in disclosure against the interest the Legislature intended the exemption to protect; the only relevant public interest in disclosure to be weighed in this balance is the extent to which disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding of the operations or activities of the government by shedding light on them; in

all but a limited number of circumstances, the public's interest in governmental accountability prevails over an individual's expectation of privacy; a plaintiff's motives for seeking disclosure of the information requested under FOIA, including the initial and any future uses of the information, are irrelevant when determining whether the information falls within an exemption, as is the identity of the person seeking the information.

3. PUBLIC RECORDS — FREEDOM OF INFORMATION ACT — EXEMPTIONS FROM DISCLOSURE — UNWARRANTED INVASIONS OF PRIVACY — PERSONAL INFORMATION — NAMES, ADDRESSES, BIRTHDATES, AND PHONE NUMBERS.

Absent special circumstances, an individual's name is not information of a personal nature within the meaning of MCL 15.243(1)(a) for purposes of disclosure under the Freedom of Information Act, MCL 15.231 *et seq.*; other information such as home addresses, dates of birth, and telephone numbers are exempt from disclosure under MCL 15.243(1)(a) if the information would reveal little or nothing about a governmental agency's conduct and would not further the public policy underlying the act.

4. ATTORNEY FEES — FREEDOM OF INFORMATION ACT — COMPELLING DISCLOSURE — APPEALS.

If an appeal is necessary to compel the disclosure of information requested under the Freedom of Information Act, MCL 15.231 *et seq.*, a plaintiff who prevailed in whole or in part in the action is entitled under MCL 15.240(6) to an appropriate portion of his or her attorney fees, costs, and disbursements necessitated by the appeal; the plaintiff may also be entitled to punitive damages under MCL 15.240(7).

*Joel B. Sklar* for plaintiff.

*Plunkett Cooney* (by *Mary Massaron Ross, Hilary A. Ballentine,* and *Audrey J. Forbush*) for defendants.

Before: OWENS, P.J., and JANSEN and O'CONNELL, JJ.

JANSEN, J. In this action brought pursuant to Michigan's Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, plaintiff appeals by right the circuit court's grant of summary disposition in favor of defendants. We

affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

I

Plaintiff Michael A. Rataj (plaintiff), a Detroit-area attorney, learned that Romulus Police Officer Warren Jones (Jones) had assaulted an unnamed citizen at the Romulus Police Department (RPD) in the early morning hours of August 1, 2012. Although it is unclear how plaintiff initially discovered this information, RPD employee Kevin Ladach (Ladach) has confirmed that the assault took place and was captured on video.[1] According to plaintiff, Jones physically assaulted the citizen while the citizen's hands were handcuffed behind his back. Although the record does not disclose the specific reasons for the citizen's arrest, it appears that the citizen later provoked Jones while in custody by spitting on Jones and using an unidentified racial epithet.

On September 21, 2012, plaintiff sent a FOIA request to the RPD. Plaintiff sought the disclosure of all records pertaining to the assault, including an unredacted copy of the official incident report, any other internal reports, and any videorecordings. RPD Captain Derran E. Shelby (Shelby) responded on October 4, 2012, stating that plaintiff's FOIA request had been "granted in part and denied in part." Shelby provided a copy of the incident report pertaining to the events of August 1, 2012, with the names, addresses, dates of birth, and telephone numbers of all persons redacted. Shelby

---

[1] See *Ladach v City of Romulus*, unpublished opinion of the United States District Court for the Eastern District of Michigan, issued February 10, 2014 (Docket No. 13-CV-010771). At the time of the incident at issue in this case, Ladach was a detective sergeant at the RPD and was in charge of supervising the property and evidence room. Ladach has since been demoted and relieved of his duties in the detective bureau.

informed plaintiff that Lieutenant James Cox was the shift commander on duty at that time and that Sergeant Damian Hull was also on duty. Shelby confirmed that the RPD possessed video of the lobby area, booking area, and lock-up area recorded in the early morning hours of August 1, 2012. However, he stated that "at the request of the prisoner for his/her safety concerns, the video is not being released." In addition, Shelby wrote that "[t]he name of the arrestee has been redacted from the incident report at his/her request." Shelby notified plaintiff that he could appeal the decision in writing to Barry Seifman (Seifman), an attorney designated by the city of Romulus to handle FOIA appeals.

Plaintiff sent a written appeal to Seifman on November 14, 2012. Seifman responded on November 19, 2012, suggesting that the records sought by plaintiff were exempt from disclosure under FOIA because they (1) "would constitute a clearly unwarranted invasion of an individual's[2] privacy," (2) were related to "departmental discipline," and (3) consisted of "police personnel records." Seifman did send plaintiff a copy of a typewritten letter, allegedly signed by the citizen who was assaulted, which provided:

September 28, 2012

To the City of Romulus,

[Redacted] requesting that any police reports, patrol car audio/video, police station audio/video, etc., obtained by the city as a result of my arrest on August 1, 2012, that the city of Romulus may have in their [sic] possession surrounding an incident where an officer struck me for spitting on him and using racial slurs, NOT be released to anyone. It is my belief that by releasing any of these items to anyone from

---

[2] It is unclear whether Seifman was referring to Jones (the individual who allegedly committed the assault), the unnamed citizen (the individual who was assaulted), or both.

the public will not only impact my current employment status, but also my personal safety as well.

Sincerely,

[Redacted]

Seifman informed plaintiff that although the citizen's name had been redacted, the letter "may help you understand the concerns of the person involved in the incident." Seifman did not explain why the letter was dated September 28, 2012, nearly two months after the incident had taken place.

On January 11, 2013, plaintiff commenced the instant FOIA action against defendants in the Wayne Circuit Court, seeking disclosure of the records identified in his earlier FOIA request, including an unredacted copy of the incident report and the videorecording of the assault. Plaintiff also requested costs and reasonable attorney fees pursuant to MCL 15.240(6).

In lieu of filing an answer, defendants moved for summary disposition pursuant to MCR 2.116(C)(8) and (10), arguing that the records sought by plaintiff were exempt from disclosure as a matter of law because they (1) contained information of a personal nature and disclosure would constitute a clearly unwarranted invasion of privacy under MCL 15.243(1)(a); (2) were law enforcement investigation records and disclosure would constitute an unwarranted invasion of privacy under MCL 15.243(1)(b)(*iii*); and (3) related to law enforcement departmental discipline and personnel matters under MCL 15.243(1)(s)(*ix*). Alternatively, defendants argued that the circuit court should hold an evidentiary hearing or review the requested records in camera before ordering any disclosure.

Plaintiff responded to defendants' motion for summary disposition and requested that the circuit court enter judgment in his favor pursuant to MCR 2.116(I)(2). Plain-

tiff maintained that the requested records, including the videorecording, were all subject to disclosure under FOIA. Plaintiff argued that the privacy exemption of MCL 15.243(1)(a), the law enforcement investigation exemption of MCL 15.243(1)(b)(*iii*), the law enforcement personnel records exemption of MCL 15.243(1)(s)(*ix*), and the public safety exemption of MCL 15.243(1)(y) were all inapplicable on the facts of this case. Attached to his response, plaintiff submitted documentary evidence related to an ongoing investigation of the RPD by the Federal Bureau of Investigation, Michigan State Police, and Wayne County Prosecuting Attorney's Office. Plaintiff pointed out that several RPD officers had been charged with corruption and criminal misconduct in office. He suggested that the RPD had a history of covering up police misconduct and that disclosure of the requested videorecording would serve the public interest by shedding light on the internal operations of the RPD.

Plaintiff also attached a copy of the complaint filed in *Ladach v City of Romulus*,[3] a Whistleblowers' Protection Act lawsuit filed by Ladach in the United States District Court for the Eastern District of Michigan. In the complaint, Ladach explained that he had been a detective sergeant at the RPD, in charge of supervising the property and evidence room. This position had required him to gather and compile materials for certain FOIA requests. Ladach alleged that he had learned of an assault against a citizen during the midnight shift of August 1, 2012, which was captured on video. Upon learning of the assault, Ladach located the videorecording and made a copy of it on his departmental computer.

---

[3] *Ladach v City of Romulus*, United States District Court for the Eastern District of Michigan, Docket No. 13-CV-010771.

When Ladach later received a FOIA request on September 24, 2012 (presumably the same request submitted by plaintiff on September 21, 2012), he compiled the requested information, including the videorecording, and presented the materials to RPD Chief Robert Dickerson (Dickerson) for his review and approval. According to Ladach, Dickerson and Shelby questioned him regarding the video, stating that they thought it had been destroyed. Dickerson instructed Ladach to destroy the video and delete it from his computer. Ladach subsequently contacted the Attorney General's office concerning the incident and the videorecording. He was later relieved of his duties in the detective bureau and evidence room and demoted to road patrol.

The circuit court held oral argument on March 22, 2013. The court repeatedly questioned counsel concerning plaintiff's motivations for seeking disclosure of the citizen's identity and videorecording. The court remarked that plaintiff's attorney was also involved in the *Ladach* case and suggested that the instant FOIA action was "really about you getting discovery to support your Ladach lawsuit." In response, plaintiff's attorney noted that the *Ladach* lawsuit had not been filed until after plaintiff's FOIA request was sent to the RPD. The circuit court then asked whether plaintiff was seeking disclosure of the citizen's identity and videorecording in order "to go out and solicit this citizen to file a 1983[4] action or an assault and battery claim." Plaintiff's attorney responded that this was not plaintiff's intention; he argued that the requested information was not exempt from disclosure under FOIA and that disclosure would be in the public interest.

The circuit court observed that the citizen involved in the incident did not want the incident report or

_____
[4] 42 USC 1983.

videorecording disclosed. According to the court, "[I]t would not be surprising that a citizen would not want to disclose that [he] had been . . . arrested, charged, or convicted." The court further admonished plaintiff's counsel, "I don't think you're pursuing the public interest at all. I think you're pursuing discovery in your federal case." Defense counsel argued that the videorecording and any police reports concerning the incident of August 1, 2012, were exempt from disclosure under FOIA because disclosure would invade the citizen's right to privacy.

The circuit court ruled that the requested information was exempt from disclosure pursuant to MCL 15.243(1)(a). With respect to the first prong of the analysis under MCL 15.243(1)(a), the court concluded that

> [t]he information sought regarding the identity of the citizen in the police report as well as the video information is of a personal nature. The fact that the citizen was involved in an incident [for] which the police may have arrested and even charged is [an] intimate, embarrassing, private and confidential detail[] regarding the citizen's life.

Relying on *Mich Federation of Teachers & School Related Personnel v Univ of Mich*, 481 Mich 657, 680; 753 NW2d 28 (2008), the court held that the requested information remained private and personal, notwithstanding that the citizen's identity ultimately would have been discovered if he had been charged and tried in open court. With respect to the second prong of the analysis under MCL 15.243(1)(a), the circuit court concluded that the interest in disclosure was outweighed by the interest in protecting the citizen's privacy. The court "reject[ed]" plaintiff's argument that disclosure of the information would serve the public interest by shedding light on the operations of the RPD.

The court remarked that it would grant summary disposition for defendants under MCR 2.116(C)(8) with regard to plaintiff's request for the citizen's identity, unredacted incident report, and videorecording.

Regarding plaintiff's request for any RPD reports concerning internal investigations or the discipline of Jones, the circuit court ruled that plaintiff had not "sufficiently" described those records within the meaning of MCL 15.233(1). The court also ruled that, even if the records existed and had been sufficiently described by plaintiff, the records would be exempt from disclosure under MCL 15.243(1)(s)(*ix*) and *Kent Co Deputy Sheriffs Ass'n v Kent Co Sheriff*, 463 Mich 353, 365-367; 616 NW2d 677 (2000). The court explained that it would grant summary disposition for defendants under MCR 2.116(C)(10) with respect to plaintiff's request for any internal investigation reports and personnel records. Observing that there was "absolutely no evidence to support any of the assertions made in the complaint and in the brief," the circuit court concluded that it was unnecessary to conduct an in camera review of the requested information.

On March 28, 2013, the circuit court entered an order denying plaintiff's request for summary disposition under MCR 2.116(I)(2) and granting summary disposition in favor of defendants for the reasons stated on the record.

II

We review de novo the circuit court's ruling on a motion for summary disposition. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). A motion brought under MCR 2.116(C)(8) "tests the legal sufficiency of the claim on the pleadings alone to determine whether the plaintiff has stated a claim on

which relief may be granted." *Spiek*, 456 Mich at 337. "The motion must be granted if no factual development could justify the plaintiff's claim for relief." *Id.* A motion brought under MCR 2.116(C)(10) "tests the factual support of a plaintiff's claim. The court considers the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted or filed in the action to determine whether a genuine issue of any material fact exists to warrant a trial." *Spiek*, 456 Mich at 337. "Summary disposition is proper under MCR 2.116(C)(10) if the affidavits and other documentary evidence show that there is no genuine issue concerning any material fact and that the moving party is entitled to judgment as a matter of law." *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710, 712; 737 NW2d 179 (2007). On the other hand, summary disposition is proper under MCR 2.116(I)(2) "if the court determines that the opposing party, rather than the moving party, is entitled to judgment as a matter of law." *Washburn v Michailoff*, 240 Mich App 669, 672; 613 NW2d 405 (2000).

As with all statutes, the proper interpretation and application of FOIA is a question of law that we review de novo. *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463, 470; 719 NW2d 19 (2006); *Breighner v Mich High School Athletic Ass'n, Inc*, 255 Mich App 567, 570; 662 NW2d 413 (2003). This includes the question whether a particular document or recording constitutes a "public record" within the meaning of FOIA. See *Patterson v Allegan Co Sheriff*, 199 Mich App 638, 639-640; 502 NW2d 368 (1993). In general, whether a public record is exempt from disclosure under FOIA is a mixed question of fact and law. *Detroit Free Press, Inc v City of Warren*, 250 Mich App 164, 166; 645 NW2d 71 (2002). However, when the facts are undisputed and reasonable minds could not differ,

whether a public record is exempt under FOIA is a pure question of law for the court. See *Larry S Baker, PC v Westland*, 245 Mich App 90, 93; 627 NW2d 27 (2001); see also *Marcelle v Taubman*, 224 Mich App 215, 217; 568 NW2d 393 (1997) (noting that "[w]here facts are undisputed, applying a statute to the facts is an issue of law for the court").

III

In enacting FOIA, the Michigan Legislature declared:

> It is the public policy of this state that all persons, except those persons incarcerated in state or local correctional facilities, are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees, consistent with this act. The people shall be informed so that they may fully participate in the democratic process. [MCL 15.231(2).]

"FOIA is a manifestation of this state's public policy favoring public access to government information, recognizing the need that citizens be informed as they participate in democratic governance, and the need that public officials be held accountable for the manner in which they perform their duties." *Manning v East Tawas*, 234 Mich App 244, 248; 593 NW2d 649 (1999). Our Supreme Court has repeatedly described FOIA as a "prodisclosure statute," *Herald Co v Bay City*, 463 Mich 111, 119; 614 NW2d 873 (2000); *Swickard v Wayne Co Med Examiner*, 438 Mich 536, 544; 475 NW2d 304 (1991), and this Court has held that FOIA's disclosure provisions must be interpreted broadly to ensure public access, *Practical Political Consulting, Inc v Secretary of State*, 287 Mich App 434, 465; 789 NW2d 178 (2010). While it is true that FOIA contains several exceptions to

the duty to disclose, MCL 15.243, "these exemptions must be construed narrowly, and the burden of proof rests with the party asserting an exemption," *Manning*, 234 Mich App at 248; see also *Bradley v Saranac Community Schools Bd of Ed*, 455 Mich 285, 293; 565 NW2d 650 (1997). "Under FOIA, a public body must disclose all public records that are not specifically exempt under the act." *Hopkins v Duncan Twp*, 294 Mich App 401, 409; 812 NW2d 27 (2011); see also MCL 15.233(1).

IV

We first conclude that the videorecording of the assault of August 1, 2012, is a public record subject to disclosure under FOIA.

As a preliminary matter, it is beyond dispute that a videorecording of the assault of August 1, 2012, does in fact exist.[5] Therefore, the threshold inquiry is whether the videorecording constitutes a "public record" within the meaning of FOIA. MCL 15.232(e) defines "[p]ublic record" as "a writing prepared, owned, used, in the possession of, or retained by a public body in the performance of an official function, from the time it is created." In turn, MCL 15.232(h) defines "[w]riting" as "handwriting, typewriting, printing, photostating, photographing, photocopying, and every other means of recording, and includes letters, words, pictures, sounds, or symbols, or combinations thereof, and papers, maps, magnetic or paper tapes, photographic films or prints, microfilm, microfiche, magnetic or punched cards, discs, drums, or other means of recording or retaining meaningful content." Without question, a videorecording is a "writing" under MCL 15.232(h).

---

[5] It is true that the citizen who was assaulted was never charged or prosecuted for any crime. But this is not relevant to our analysis.

Although it is not clear whether the videorecording was made in an interrogation room, the booking area, the lock-up area, or the lobby, we are satisfied that the video was "prepared . . . in the possession of, or retained by [the RPD] in the performance of an official function" within the meaning of MCL 15.232(e). This Court has previously held that booking photographs constitute public records under MCL 15.232(e). *Patterson*, 199 Mich App at 639; *Detroit Free Press, Inc v Oakland Co Sheriff*, 164 Mich App 656, 660-666; 418 NW2d 124 (1987). There are several obvious similarities between booking photographs and the videorecording at issue in this case. Moreover, in *Prins v Mich State Police*, 291 Mich App 586, 588; 805 NW2d 619 (2011), this Court essentially assumed, without deciding, that a police video of a traffic stop was a public record under FOIA. We conclude that the videorecording at issue in the present case is a "public record" within the meaning of MCL 15.232(e).

We also conclude that the videorecording is subject to disclosure. The circuit court determined that the videorecording was exempt from disclosure under the privacy exemption of MCL 15.243(1)(a), which provides that a public body may exempt from disclosure "[i]nformation of a personal nature if public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy." This exemption has two prongs. See *Mich Federation of Teachers*, 481 Mich at 672.

Under the first prong of the privacy exemption, information is "of a personal nature" if it is "intimate," "embarrassing," "private," or "confidential." *Id*. at 676. It has been alleged by the parties that the videorecording shows the citizen spitting on the officer and using a racial slur. This information could well be considered embarrassing and therefore of a personal nature. *Id*.

Under the second prong, then, the question is whether public disclosure of the information contained in the videorecording "would constitute a clearly unwarranted invasion of an individual's privacy." MCL 15.243(1)(a). To answer this question, the court must

"balance the public interest in disclosure against the interest [the Legislature] intended the exemption to protect[.] . . . [T]he only relevant public interest in disclosure to be weighed in this balance is the extent to which disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding of the operations or activities of the government." [*Practical Political Consulting*, 287 Mich App at 462, quoting *Mich Federation of Teachers*, 481 Mich at 673 (alterations in original).]

Under this prong of the analysis, it is necessary to ask whether the requested information would shed light on the governmental agency's conduct or further the core purposes of FOIA. *Mich Federation of Teachers*, 481 Mich at 681-682. "In all but a limited number of circumstances, the public's interest in governmental accountability prevails over an individual's, or a group of individuals', expectation of privacy." *Practical Political Consulting*, 287 Mich App at 464.

Notwithstanding the personal and embarrassing information that is apparently depicted on the videorecording, we conclude that the video would shed light on the operations of the RPD and, in particular, its treatment of those arrested and detained by its officers. These are matters of legitimate public concern. See *Henry v Detroit*, 234 Mich App 405, 413 n 1; 594 NW2d 107 (1999). "[W]e cannot hold our [police] officials accountable if we do not have the information upon which to evaluate their actions." *Practical Political Consulting*, 287 Mich App at 464.

Furthermore, this Court has previously assumed that a police video depicting an arrestee is a public record subject to disclosure under FOIA. In *Prins*, 291 Mich App 587-588, the plaintiff was driving a vehicle in Ionia County when she was pulled over by a state trooper; the plaintiff's passenger was issued a ticket for failing to wear a seat belt. The plaintiff subsequently filed a FOIA request seeking disclosure of the video of the traffic stop, which had been recorded by a camera inside the police car. *Id.* at 588. The state police denied the plaintiff's request, however, explaining that any video made no longer existed. *Id.* Several months later, when the plaintiff's passenger appeared in district court to contest his seat-belt citation, the prosecutor produced the video of the traffic stop. *Id.* The *Prins* Court essentially assumed for purposes of its analysis that the state police had violated FOIA by failing to disclose the video in response to the plaintiff's FOIA request.

We acknowledge that the circuit court was concerned about plaintiff's motives for seeking disclosure of the videorecording. As explained previously, the court asked plaintiff's counsel whether his client was using the FOIA request as a means of obtaining discovery for the *Ladach* lawsuit and whether plaintiff was seeking disclosure of the citizen's identity and videorecording in order "to go out and solicit this citizen to file a [42 USC] 1983 action or an assault and battery claim." But as this Court has made clear, "initial as well as future uses of information requested under FOIA are irrelevant in determining whether the information falls within exemption, as is the identity of the person seeking the information." *Taylor v Lansing Bd of Water & Light*, 272 Mich App 200, 205; 725 NW2d 84 (2006). It is simply irrelevant whether plaintiff was seeking disclosure of the video for purposes of discovery in a different lawsuit. *Id.*; see also *Central Mich Univ Supervisory-*

*Tech Ass'n v Central Mich Univ Bd of Trustees,* 223 Mich App 727, 730; 567 NW2d 696 (1997).

Given that FOIA's privacy exemption must be narrowly construed, *Bradley,* 455 Mich at 293, and that disclosure of the videorecording would serve the core purposes of FOIA, see MCL 15.231(2); *Mager v Dep't of State Police,* 460 Mich 134, 145; 595 NW2d 142 (1999), we conclude that the videorecording is not exempt from disclosure under MCL 15.243(1)(a). The videorecording was plainly subject to disclosure, and it was therefore unnecessary for the circuit court to perform an in camera review of the video. We reverse the circuit court's erroneous determination that the videorecording was not subject to disclosure under FOIA.

V

Plaintiff also requested a copy of the unredacted incident report pertaining to the assault of August 1, 2012, presumably seeking disclosure of the identity of the citizen and officer involved in the assault. We conclude that the names of the citizen and officer, which were redacted from the incident report, were subject to disclosure under FOIA.

Like the videorecording itself, the names of the citizen and officer involved in the assault were withheld under the privacy exemption of MCL 15.243(1)(a). In the absence of special circumstances that are not present here, an individual's name is not "[i]nformation of a personal nature" within the meaning of MCL 15.243(1)(a). See, e.g., *Tobin v Civil Serv Comm,* 416 Mich 661, 671; 331 NW2d 184 (1982); *Practical Political Consulting,* 287 Mich App at 455; *Detroit Free Press, Inc v Southfield,* 269 Mich App 275, 282; 713 NW2d 28 (2005). Because the names of the citizen and officer are not information of a personal nature, the names are subject to disclosure and

there is no need to consider the second prong of the privacy exemption. See *Detroit Free Press*, 250 Mich App at 167-168 (stating that "[i]nformation not of a personal nature is subject to disclosure without considering the second prong of the privacy exemption"). We reverse the circuit court insofar as it declined to order disclosure of the names of the citizen and officer.[6]

VI

In contrast, we conclude that the other personal information redacted from the incident report (e.g., home addresses, dates of birth, and telephone numbers) was exempt from disclosure under FOIA. Home addresses, dates of birth, and telephone numbers typically constitute information of a personal nature within the meaning of the privacy exemption. See *Mich Federation of Teachers*, 481 Mich at 680. And for purposes of the second prong of the privacy exemption, our Supreme Court has held that the disclosure of such information "would reveal ' "little or nothing" ' about a governmental agency's conduct, nor would it further the stated public policy undergirding the Michigan FOIA." *Id.* at 682 (citations omitted). This other personal information pertaining to the citizen and officer was exempt from disclosure under MCL 15.243(1)(a) and was therefore properly redacted from the incident report.

VII

We similarly conclude that any RPD internal investigation reports[7] and personnel records pertaining to

---

[6] As with the videorecording, plaintiff's motives for seeking disclosure of the names of the citizen and officer involved in the assault were irrelevant. *Taylor*, 272 Mich App at 205.

[7] We disagree with the circuit court's determination that plaintiff's request for internal investigation reports lacked sufficient specificity to

the incident of August 1, 2012, were exempt from disclosure under FOIA.

Internal investigation reports and personnel files of a law enforcement agency are exempt from disclosure "[u]nless the public interest in disclosure outweighs the public interest in nondisclosure in the particular instance . . . ." MCL 15.243(1)(s)(*ix*); see also *Kent Co Deputy Sheriffs*, 463 Mich at 365-367.

The circuit court relied on the unsigned, unnotarized "affidavit" of Dickerson to conclude that the public interest in disclosure of any internal investigation reports and personnel files was outweighed by the interest in nondisclosure. Specifically, the circuit court determined that it was essential to keep any internal investigation reports confidential in order to foster "frank and open discussion without fear of reprisal or retaliation." The court observed that if such reports were disclosed under FOIA, the RPD's ability to conduct internal investigations with the cooperation of its officers "would be chilled" or "destroyed." Although the circuit court technically erred to the extent that it relied on an unsigned, unnotarized "affidavit,"[8] we fully agree with its ultimate conclusion. Indeed, our Supreme Court adopted nearly identical reasoning in *Kent Co Deputy Sheriffs*, 463 Mich at 365-367, relying on the affidavit of the Kent County Undersheriff and concluding that the public interest in disclosure of various internal investigation records was outweighed by the

---

comply with MCL 15.233(1). Plaintiff's request described the requested records sufficiently to allow the RPD to identify and locate them. See *Coblentz v Novi*, 475 Mich 558, 572-573; 719 NW2d 73 (2006); *Thomas v New Baltimore*, 254 Mich App 196, 203-204; 657 NW2d 530 (2002).

[8] "[A]n unsworn, unsigned affidavit may not be considered by the trial court on a motion for summary disposition." *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 120; 839 NW2d 223 (2013). Indeed, an unsigned, unnotarized "affidavit" is no affidavit at all. *Holmes v Mich Capital Med Ctr*, 242 Mich App 703, 711-712; 620 NW2d 319 (2000).

public interest in keeping the records confidential. We conclude that any RPD internal investigation records pertaining to the incident of August 1, 2012, were exempt from disclosure under MCL 15.243(1)(s)(*ix*). *Kent Co Deputy Sheriffs*, 463 Mich at 365-367. Likewise, we conclude that the public interest in disclosure of the officer's personnel file did not outweigh the public interest in nondisclosure. The circuit court properly determined that the requested internal investigation reports and personnel records were exempt from disclosure under MCL 15.243(1)(s)(*ix*).

## VIII

As we have explained, defendants wrongfully denied plaintiff's FOIA request insofar as it sought disclosure of the videorecording and names of the citizen and officer involved in the assault of August 1, 2012. The present action—and particularly this appeal—was necessary to compel disclosure of this requested information. See *Scharret v City of Berkley*, 249 Mich App 405, 414; 642 NW2d 685 (2002). We conclude that plaintiff, having prevailed in part in this action, is entitled to an appropriate portion of his attorney fees, costs, and disbursements pursuant to MCL 15.240(6). On remand, the circuit court shall determine the reasonable attorney fees, costs, and disbursements incurred by plaintiff in this case, including those attorney fees and costs necessitated by this appeal, and shall award plaintiff an appropriate portion thereof in accordance with MCL 15.240(6). The circuit court shall also determine whether plaintiff is entitled to punitive damages pursuant to MCL 15.240(7).

## IX

We reverse the circuit court's grant of summary disposition in favor of defendants to the extent that the

court declined to order disclosure of the videorecording and unredacted names of the citizen and officer. The circuit court erred as a matter of law by ruling that these specific items were exempt from disclosure under FOIA.

We remand for entry of partial judgment in favor of plaintiff with respect to the requested videorecording and names, as well as for other proceedings. On remand, the circuit court shall (1) order disclosure of the videorecording and unredacted names of the citizen and officer involved in the assault, (2) award plaintiff an appropriate portion of his attorney fees, costs, and disbursements under MCL 15.240(6), and (3) determine whether plaintiff is entitled to punitive damages under MCL 15.240(7).

In all other respects, we affirm the circuit court's order granting summary disposition in favor of defendants and denying plaintiff's request for summary disposition under MCR 2.116(I)(2).

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No taxable costs pursuant to MCR 7.219, no party having prevailed in full.

OWENS, P.J., and O'CONNELL, J., concurred with JANSEN, J.