*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID SUTTON,

Plaintiff-Appellant,

v

ADVANCE PHARMACEUTICAL, INC,

Defendant-Appellee.

UNPUBLISHED
January 14, 2020

No. 345716
Oakland Circuit Court
LC No. 2014-144679-CZ

Before: RIORDAN, P.J., and SAWYER and JANSEN, JJ.

PER CURIAM.

In this products liability based personal injury action, plaintiff appeals as of right the order granting summary disposition in favor of defendant under MCR 2.116(C)(10). We affirm.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This is the third appeal in this matter. See *Sutton v Advance Pharmaceutical, Inc. (Sutton I)*, unpublished per curiam opinion of the Court of Appeals, issued October 25, 2016 (Docket No. 328038); *Sutton v Advance Pharmaceutical, Inc. (Sutton II)*, unpublished per curiam opinion of the Court of Appeals, issued March 13, 2018 (Docket No. 336526). In plaintiff's first appeal, this Court summarized that,

This action arises from plaintiff's claim that he suffered severe injuries when he ingested acetaminophen pills manufactured by defendant. Plaintiff, in pro per, filed his complaint on December 22, 2014, alleging claims of failure to warn, improper labeling, and manufacturing defect; defendant answered on January 29, 2015. On March 27, 2015, plaintiff filed a motion to amend his complaint, in which he moved to state similar claims plus a breach of the implied warranty of marketability. [*Sutton I*, unpub op at 2.]

In his first appeal, plaintiff appealed the trial court's dismissal of his case for failure to pay a $500 sanction, and this Court reversed and remanded, concluding that the $500 sanction was improper, and the dismissal was an inadequate remedy for failure to pay. *Sutton I*, unpub op at 4. The case was then remanded for further proceedings consistent with that opinion. *Id*.

-1-

After being remanded to the trial court, defendant "moved . . . to compel plaintiff to sign authorization forms for release of his medical records." *Sutton II*, unpub op at 1. "Over plaintiff's physician-patient privilege objections, the trial court granted defendant's motion[.]" *Id*. However, plaintiff refused to sign any authorization forms for release of his medical records. The trial court thus "entered an order dismissing plaintiff's case without prejudice." *Id*. Plaintiff's second appeal to this case followed.

Again, this Court reversed and remanded for further proceedings. This Court noted that "defendant sought medical records from plaintiff's treating physicians to determine whether plaintiff was taking any other medication at the time of the alleged injury that may have caused side effects similar to the ones identified in his complaint." *Id*. at 2. Defendant sought this information under MCR 2.314(C)(1) and MCR 2.314(A). However, plaintiff "asserted that the medical records sought by defendant were privileged, and therefore not discoverable. MCR 2.314(C)(1)(b); MCR 2.314(A)(1)(b). Specifically, plaintiff asserted the physician-patient privilege, which has its roots in MCL 600.2157." *Id*. at 2-3.

This Court correctly concluded that plaintiff was entitled to assert the physician-patient privilege. This Court also explained that under MCL 600.2157, quoted below in relevant part:

> If the patient brings an action against any defendant to recover for any personal injuries, or for any malpractice, and the patient produces a physician as a witness in the patient's own behalf who has treated the patient for the injury or for any disease or condition for which the malpractice is alleged, the patient shall be considered to have waived the privilege provided in this section as to another physician who has treated the patient for the injuries, disease, or condition.

This provision is called the patient-litigator exception. *Landelius v Sackellares*, 453 Mich 470, 474; 556 NW2d 472 (1996). However, this Court concluded that the patient-litigator exception did not apply in this case, where:

> plaintiff is the patient and has brought an action for personal injury against defendant. However, nothing in the record indicates that plaintiff has produced his own treating physician or "produced another treating physician as a witness" which would trigger the application of the patient-litigator exception. In fact, the only witness plaintiff has identified at this point in the litigation is Regan D. Carney, who states in her affidavit that she lived with plaintiff and observed him ingest the pills. Although defendant argues that plaintiff intends to rely on his treating physician, plaintiff's discovery responses do not support that assertion. Accordingly, because plaintiff has asserted a valid privilege to his medical records, the trial court abused its discretion by ordering plaintiff to sign authorization forms so that defendant could obtain those records. [*Sutton II*, unpub op at 3-4.]

Again, this case returned to the trial court, where the parties continued to engage in written and oral discovery.

Eventually, defendant moved for summary disposition under MCR 2.116(C)(10). Defendant ultimately moved for summary disposition under MCR 2.116(C)(10) on July 27, 2018. Defendant explained that it manufactures and packages over-the-counter (OTC) medications such as baby aspirin and acetaminophen, and then distributes these medications to wholesalers. The medications it manufactures are never sold to the public, nor are they packaged for sale to the public. Rather, they are purchased by hospitals, nursing homes, and pharmacies. Defendant admitted that in June 2013, it issued a nationwide recall for its baby aspirin because one pharmacist in Rhode Island noticed that one bottle of baby aspirin looked "markedly different than [it] should," and actually contained acetaminophen instead of baby aspirin.

Now, defendant argued, plaintiff claimed that he ingested acetaminophen instead of baby aspirin after filling prescriptions at a CVS pharmacy in Farmington, Michigan. However, plaintiff admitted at his deposition that he no longer has the bottle or the pills that he ingested because he destroyed them. Moreover, although plaintiff puts his physical condition into controversy, plaintiff refused to disclose his medical records related to his claims, and also refused to sign authorizations for the release of medical records, citing privacy. Although "plaintiff did provide approximately 200 random, piecemealed, and incomplete records from various medical providers ranging from 2005 through 2013, most . . . are handwritten and illegible, without any verification from a custodian of records as to the accuracy or completeness of the records." Thus, defendant argued, plaintiff is unable to meet his burden and establish multiple essential elements of his claim: liability, damages, and causation. Accordingly, defendant argued it was entitled to summary disposition under MCR 2.116(C)(10).

The trial court agreed with defendant, concluding on the record that plaintiff was unable to present any evidence of causation or damages, and therefore defendant was entitled to summary disposition. An order granting defendant's motion for summary disposition for the reasons stated on the record was entered on September 12, 2018. This appeal followed.

## II. STANDARD OF REVIEW

Defendant moved for summary disposition under MCR 2.116(C)(10). This Court reviews a trial court's determination on a motion for summary disposition de novo. *Cove Creek Condo Assoc*, ___ Mich App at ___; slip op at 13. "Summary disposition is proper under MCR 2.116(C)(10) if the affidavits and other documentary evidence show that there is no genuine issue concerning any material fact and that the moving party is entitled to judgment as a matter of law." *Id*., quoting *Rataj v City of Romulus*, 306 Mich App 735, 746; 858 NW2d 116 (2014). Upon being presented with a motion for summary disposition under MCR 2.116(C)(10), a trial court's "task is to review the record evidence, and all reasonable inferences therefrom, and decide whether a genuine issue of any material fact exists to warrant a trial." *Skinner v Square D Co*, 445 Mich 153, 162; 516 NW2d 475 (1994) (footnote omitted).

## III. ANALYSIS

In this case, plaintiff filed a personal injury claim, rooted in products liability, against defendant, the manufacturer of various OTC medications, including baby aspirin and acetaminophen. Plaintiff claims that he filled a prescription for baby aspirin at his local drugstore, and was given a product manufactured by defendant and labeled as baby aspirin.

However, instead of baby aspirin in the prescription bottle, it was actually acetaminophen, which upon ingestion, caused plaintiff to suffer "confusion, sweating, extreme fatigue, diarrhea, pain in stomach (especially upper right portion), irregular heartbeat, and pale stools." Plaintiff claimed that defendant failed to warn plaintiff of an unreasonably dangerous condition where acetaminophen was labeled and sold as baby aspirin, and that ingestion of acetaminophen caused his injury.

The trial court concluded that plaintiff was unable to establish causation or damages relating to his claim, and granted summary disposition in favor of defendant. We agree.

As our Supreme Court articulated in *Skinner*,

> Under Michigan products liability law, as part of its prima facie case, a plaintiff must show that the manufacturer's negligence was the *proximate cause* of the plaintiff's injuries. *Brisboy v Fibreboard Corp*, 429 Mich 540, 547; 418 NW2d 650 (1988) (emphasis added). We have previously explained that proving proximate cause actually entails proof of two separate elements: (1) cause in fact, and (2) legal cause, also known as "proximate cause." *Moning v Alfono*, 400 Mich 425, 437; 254 NW2d 759 (1997).

> The cause in fact element generally requires a showing that "but for" the defendant's actions, the plaintiff's injury would not have occurred. Prosser & Keeton, Torts (5th ed), § 41, p 266. On the other hand, legal or "proximate cause" normally involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences. *Moning*, [400 Mich] at 439. See also *Charles Reinhart Co v Winiemko*, 444 Mich 579, 586 n 13; 513 NW2d 773 (1994). A plaintiff must adequately establish cause in fact in order for legal cause or "proximate cause" to become a relevant issue. [*Skinner*, 445 Mich at 162-163.]

Additionally, a plaintiff can establish causation through circumstantial evidence. *Id*. at 164. However, "[t]o be adequate, a plaintiff's circumstantial proof must facilitate reasonable inferences of causation, not mere speculation." *Id.*

We conclude that plaintiff is unable to establish cause in fact, through either direct or circumstantial evidence. Therefore, not only does proximate causation not become an issue in this matter, but plaintiff is unable to make his prima facie case, and summary disposition in favor of defendant was appropriate.

First, plaintiff is unable to present any physical evidence of legal causation. In his deposition, plaintiff testified that he destroyed both the pills he ingested and the mislabeled bottle that the pills came in. Second, plaintiff is unable to present any documentary evidence to support his claim. Plaintiff admitted in his reply brief filed in this Court that he never sought medical treatment for his alleged injuries. Thus, there are no medical records to suggest what plaintiff may have ingested to cause his injuries, or the extent to which he was injured.

Finally, plaintiff cannot present any testimonial evidence regarding causation. Plaintiff planned to present the testimony of his roommate, as well as his own testimony, to establish both causation and damages. Although plaintiff's testimony and the testimony of his roommate is fact-based, it is merely lay witness testimony, and does not take the place of medical witness testimony or expert witness testimony that would support plaintiff's theory of causation. Indeed, any testimonial evidence on causation offered by plaintiff or his roommate is speculative and merely conjecture.

We note that the parties in this case focus most of their arguments on the applicability of MCR 2.314(B)(2). Here, plaintiff has repeatedly refused to sign authorizations for release of his medical records relating to the injuries claimed in this case. Thus, because plaintiff's medical history and physical condition are relevant, yet plaintiff claims his medical information is subject to privilege and has prevented discovery of his medical information, MCR 2.314(B)(2) would prevent plaintiff from "present[ing] or introduce[ing] any physical, documentary, or testimonial evidence relating to the party's medical history or mental or physical condition." However, plaintiff has admitted there are no medical records to be discovered because he never sought medical treatment for his alleged injuries. The applicability of MCR 2.314(B)(2) in this matter is therefore a moot issue.

Because plaintiff cannot establish causation, he cannot establish a prima facie products liability case. Defendant was therefore entitled to summary disposition under MCR 2.116(C)(10), and the trial court did not err by granting summary disposition in favor of defendant.

Affirmed.

/s/ Michael J. Riordan
/s/ David H. Sawyer
/s/ Kathleen Jansen

-5-