*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RONALD BURNS,

       Plaintiff-Appellant,

v

FRANK ROMAYA and ROMAYA PROPERTIES,
INC.,

       Defendants-Appellees.

UNPUBLISHED
August 4, 2022

No. 358480
Macomb Circuit Court
LC No. 2020-003572-CZ

Before: SHAPIRO, P.J., and RICK and GARRETT, JJ.

PER CURIAM.

In this property dispute, plaintiff appeals as of right the trial court's order denying his motion for summary disposition and granting summary disposition in favor of defendants under MCR 2.116(I)(2). On appeal, plaintiff contends that the trial court erred because he established the required elements for an easement by necessity. We affirm.

## I. BACKGROUND

This case involves an alleged easement by necessity on defendants' property in Roseville, Michigan. Plaintiff purchased his parcel of property from a Robert A. Duncan on May 9, 2001, with the goal of opening a used car lot. Defendant Frank Romaya purchased the adjacent subject property from an Anna Ripsam on July 17, 2002.[1] Plaintiff requested a zoning variance for his proposed use, which he claims was approved subject to him connecting the property to a sanitary sewage line. However, he maintains that the only way he can comply with this requirement is through access to a sewage line running under defendants' land.

---

[1] We note that defendants' parcel where plaintiff requested an easement is vacant. However, defendants also own and operate a gas station on a nearby lot.

Plaintiff filed a complaint in the Macomb Circuit Court. He asked the trial court to grant him an easement by necessity, the effect of which would allow plaintiff access to the sewer drain on defendants' adjacent property. Plaintiff then moved for summary disposition, arguing that he established the requirements for an easement by necessity as a matter of law.[2] Defendants responded to plaintiff's motion arguing that plaintiff failed to establish the requisite elements for an easement by necessity. Defendants requested that the trial court grant them summary disposition under MCR 2.116(I)(2).

After a hearing on plaintiff's motion, the trial court entered an opinion and order denying plaintiff's motion for summary disposition and granting summary disposition to defendants. Relying on *Charles A Murray Trust v Futrell*, 303 Mich App 28; 840 NW2d 775 (2013), the court concluded that plaintiff failed to establish an easement by necessity. Specifically, the court determined that plaintiff failed to present requisite evidence that his property was landlocked from a prior partition of land. The trial court determined that plaintiff failed to provide any authority allowing for an easement by necessity on an unsevered parcel. The court also concluded that plaintiff failed to establish the strict necessity required for an easement by necessity. The court reasoned that plaintiff failed to present evidence that the requested easement was the only way to comply with the zoning variance, whereas defendants submitted an affidavit indicating that plaintiff had alternate methods of accessing the sewer line. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews a trial court's decision on a motion for summary disposition de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion for summary disposition under MCR 2.116(C)(10) "tests the *factual sufficiency* of a claim." *Id*. at 160. Courts must consider all evidence in a light most favorable to the nonmoving party. *Id*. The motion may only be granted when there is no genuine issue of material fact. *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Johnson v VanderKooi*, 502 Mich 751, 761; 918 NW2d 785 (2018) (quotation marks, citation, and alteration omitted). The existence of an implied easement is also a question of law this Court reviews de novo. *Murray Trust*, 303 Mich App at 41.

A moving party satisfies its burden under MCR 2.116(C)(10) by either "submitting affirmative evidence that negates an essential element of the nonmoving party's claim" or by "demonstrating to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016) (quotation marks, citation, and alterations omitted). Once this initial burden is met, "the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Id*. (quotation marks and citation omitted). A trial court may grant summary disposition

---

[2] While plaintiff's motion failed to specify under which particular statutory provision he was requesting summary disposition, his brief on appeal clarifies that the case should be evaluated under MCR 2.116(C)(10). However, plaintiff did not attach any documentary evidence to his motion for summary disposition.

under MCR 2.116(I)(2)to a non-moving party upon determining "…that the opposing party, rather than the moving party, is entitled to judgment as a matter of law." *Rataj v Romulus*, 306 Mich App 735, 747; 858 NW2d 116 (2014) (quotation marks and citation omitted).

## III. ANALYSIS

Plaintiff argues that the trial court erred in denying his motion for summary disposition and granting summary disposition in favor of defendant. Plaintiff maintains he established the required elements for an easement by necessity. We disagree.

An easement is a limited property interest, and it is the right to use the land burdened by the easement for a specific purpose. *Dep't of Natural Resources v Carmody-Lahti Real Estate, Inc*, 472 Mich 359, 378-379; 699 NW2d 272 (2005). As discussed in *Murray Trust*, 303 Mich App at 41-42,

> An implied easement may arise in essentially two ways: (1) an easement by necessity and (2) an easement implied from a quasi-easement. An easement by necessity may be implied by law where an owner of land *splits his property so that one of the resulting parcels is landlocked* except for access across the other parcel. An easement by necessity may arise either by grant, *where the grantor created a landlocked parcel in his grantee*, or it may arise by reservation, *where the grantor splits his property and leaves himself landlocked*. This sort of implied easement is not dependent on the existence of any established route or quasi-easement prior to the severance of the estate by the common grantor; it is first established after the severance. [Quotation marks and citations omitted; emphasis added.]

Furthermore, an easement by necessity requires a showing of strict necessity, i.e., that no other alternatives are available to access—or, in this case, to develop—the property. See *id*. at 45-49.

As an initial matter, there is no binding authority in Michigan that recognizes easements by necessity for access to utilities. While this Court granted an easement by necessity for utility access in *Tomecek v Bavas*, 276 Mich App 252; 740 NW2d 323 (2007), aff'd in part, rev'd in part, and vacated in part by 482 Mich 484, 487 (2008), in vacating that portion of this Court's opinion, our Supreme Court stated, "Regarding the Court of Appeals dicta creating an easement by necessity for utilities, we decline to address whether such an easement is available in Michigan." *Tomecek v Bavas*, 482 Mich 484, 497; 759 NW2d 178 (2008) (opinion by KELLY, J.). "A Court of Appeals opinion that has been vacated by the majority of the Supreme Court without an expression of approval or disapproval of this Court's reasoning is not precedentially binding." *Estate of Wanda Jesse v Lakeland Specialty Hosp at Berrien Ctr*, 328 Mich App 142, 149 n 2; 936 NW2d 705 (2019) (quotation marks and citations omitted). Plaintiff provides absolutely no argument or authority supporting why this Court should recognize such easements here—or how they might differ, legally or factually, from traditional easements by necessity for property access.

Considering the requirements for an easement by necessity from *Murray Trust*, 303 Mich App at 41-42, plaintiff clearly failed to produce the requisite evidence. Plaintiff failed to support his motion for summary disposition with any documentary evidence. Critically, plaintiff failed to provide evidence establishing that the subject parcels were ever partitioned by a common grantor.

See *id*. On the other hand, defendant submitted property records indicating that the two properties were purchased at different times and from different grantors. Plaintiff offered no contradictory evidence. Plaintiff's failure to provide any evidence of this element is fatal to his claim. See *Lowrey*, 500 Mich at 7.

Plaintiff relies on the affidavit of Roseville's Building Director to support his argument that he established strict necessity. However, the affidavit was only submitted with plaintiff's motion for reconsideration—after the trial court had ruled on summary disposition. As discussed, plaintiff failed to provide any evidence supporting his motion for summary disposition or rebutting the evidence submitted by defendants. The trial court did not abuse its discretion "in denying a motion resting on a legal theory and facts which could have been pled or argued prior to the trial court's original order." *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 630; 750 NW2d 228 (2008) (quotation marks and citation omitted). Further, even if we were to consider the affidavit, plaintiff still cannot establish that the properties were previously severed by a common grantor. Therefore, the trial court did not err by denying plaintiff's motion and granting summary disposition in favor of defendants.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Michelle M. Rick
/s/ Kristina Robinson Garrett