*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRONSON HEALTH CARE GROUP, INC,

      Plaintiff-Appellant,

v

PROGRESSIVE MICHIGAN INSURANCE
COMPANY and PROGRESSIVE MARATHON
INSURANCE COMPANY,

      Defendants-Appellees,

and

GEICO INDEMNITY COMPANY,

      Defendant.

UNPUBLISHED
May 13, 2026
10:21 AM

No. 371480
Kalamazoo Circuit Court
LC No. 2022-000572-NF

Before: MURRAY, P.J., and REDFORD and RICK, JJ.

PER CURIAM.

In this action for first-party personal protection insurance (PIP) benefits under Michigan's no-fault act, MCL 500.3101 *et seq*., plaintiff, Bronson Health Care Group, Inc., appeals by right the trial court order granting defendants-appellees, Progressive Michigan Insurance Company and Progressive Marathon Insurance Company (collectively, Progressive), summary disposition pursuant to MCR 2.116(C)(10) (no genuine issue of material fact) and denying plaintiff's cross-motion for summary disposition pursuant to MCR 2.116(I)(2) (nonmovant entitled to judgment). We reverse and remand.

## I. FACTUAL BACKGROUND

The facts of this case are uncontested. In July 2022, Nicholas Deanda was riding his motorcycle in Kalamazoo, Michigan, when he collided with a motor vehicle that was owned and driven by Diane Pickin. Deanda was taken by emergency medical services to Bronson Methodist Hospital, where he later died of his injuries. At the time of the accident, Pickin's vehicle was

-1-

insured under a no-fault policy issued by defendant, Geico Indemnity Company, which had a coverage limit of $250,000 for PIP medical benefits, minus a $500 deductible. Deanda had his own no-fault policy issued by Progressive, which covered his two motor vehicles and carried unlimited coverage for PIP medical benefits. Deanda also had an insurance policy from Geico that covered his motorcycle, but Deanda did not maintain PIP coverage under that policy.

Plaintiff commenced this action, alleging that the charges for medical care that it provided to Deanda totaled $505,482.51. Plaintiff sought to recover unpaid PIP benefits for those charges from Geico and Progressive. Geico paid plaintiff $249,500 for Deanda's medical bills as of November 1, 2022, thereby exhausting its policy limits. Thus, approximately $255,000 in allowable expenses remained unpaid. After Geico exhausted its policy limits, plaintiff sought payment of the remaining allowable expenses from Progressive under Deanda's no-fault policy. Progressive denied the claim on the basis that it was not the highest-priority insurer under MCL 500.3114 and therefore bore no responsibility to pay benefits.[1]

Progressive moved the trial court for summary disposition under MCR 2.116(C)(10), arguing that Geico, as the highest-priority insurer under MCL 500.3114(5), was solely responsible for the payment of PIP benefits in this case. Progressive argued that the no-fault act does not permit recovery from a lower-priority insurer once a higher-priority insurer has paid benefits, even where that insurer's policy limits have been exhausted. Plaintiff filed a cross-motion for summary disposition, asserting that once Geico's capped coverage was exhausted, the remaining allowable expenses were "payable" under Progressive's policy and therefore recoverable. The trial court sided with Progressive, and the court thereafter granted Progressive summary disposition, as noted earlier. Plaintiff's subsequent motion for reconsideration was denied. This appeal followed.

II. ANALYSIS

Plaintiff argues that the trial court erred by granting summary disposition in favor of defendants because, once the highest-priority insurer's capped PIP coverage was exhausted, plaintiff was entitled to seek payment of the remaining allowable expenses from defendants as lower-priority insurers. We agree.

We review de novo a trial court's decision on a motion for summary disposition as well as questions of statutory interpretation. *McMaster v DTE Energy Co*, 509 Mich 423, 431; 984 NW2d 91 (2022). A motion brought under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Id*. Summary disposition should only be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id*. When reviewing such a motion, a court considers the evidence in the light most favorable to the nonmoving party. *Id*. Conversely, the court may grant summary disposition under MCR 2.116(I)(2) if it "determines that the opposing party, rather than the moving party, is entitled to judgment as a matter of law." *Rataj v Romulus*, 306 Mich App 735, 747; 858 NW2d 116 (2014) (quotation marks and citation omitted).

The resolution of this appeal turns on the proper application of the no-fault act, MCL 500.3101 *et seq*., which establishes both the entitlement to PIP benefits and the priority

---

[1] Geico was subsequently dismissed from this action with prejudice by stipulation of the parties.

among insurers responsible for paying those benefits. The act "was designed to provide victims of motor vehicle accidents assured, adequate, and prompt reparation for certain economic losses." *Shavers v Kelley*, 402 Mich 554, 578-579; 267 NW2d 72 (1978). The act distinguishes between entitlement to benefits and priority among insurers responsible for payment. Specifically, under MCL 500.3107(1)(a), PIP benefits are payable for "[a]llowable expenses consisting of reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." With respect to priority, MCL 500.3114(5) provides that a person injured while operating a motorcycle in an accident involving a motor vehicle must claim PIP benefits in a specified order of priority, beginning with "[t]he insurer of the owner or registrant of the motor vehicle involved in the accident," followed by "[t]he insurer of the operator of the motor vehicle," and then "[t]he motor vehicle insurer of the operator of the motorcycle." MCL 500.3114(5)(a)-(c).

There is no dispute in this case regarding the order of priority. Geico, as the insurer of the motor vehicle involved in the accident, is the highest-priority insurer under MCL 500.3114(5)(a). Defendants, as insurers of Deanda's motor vehicles, are next in the order of priority under MCL 500.3114(5)(c). It is also undisputed that Geico's policy provided capped PIP medical benefits pursuant to MCL 500.3107c and that Geico paid those benefits up to its coverage limit, thereby exhausting the available coverage under its policy. The question presented, therefore, is a narrow one: whether, after exhaustion of the highest-priority insurer's capped PIP coverage, a claimant or medical provider may seek additional PIP benefits from a lower-priority insurer whose policy provides higher available coverage.

In *Mary Free Bed Rehab Hosp v Esurance Prop & Cas Co*, ___ Mich App ___; ___ NW3d ___ (2026) (Docket No. 370846), slip op at 11-17, this Court addressed that precise question in the context of a motorcyclist claim governed by MCL 500.3114(5). In that case, as here, the highest-priority insurer provided capped PIP benefits that were exhausted, and a lower-priority insurer's policy provided higher available coverage. *Id*. at ___; slip op at 3. This Court held that, under those circumstances, the no-fault act permits recovery of additional allowable expenses from the lower-priority insurer after exhaustion of the higher-priority policy. *Id*. at ___; slip op at 12. In reaching that conclusion, this Court recognized that the 2019 amendments to the no-fault act introduced the option for insureds to select limited or capped PIP coverage under MCL 500.3107c for the first time. *Id*. at ___; slip op at 11-12. As a result of those amendments, situations may arise in which the benefits payable under a highest-priority policy are insufficient to cover an injured person's allowable expenses. *Id*. This Court concluded that, in such circumstances, the statutory scheme does not preclude recovery from a lower-priority insurer whose policy provides higher available coverage. *Id*. at ___; slip op at 11-17.

Although MCL 500.3114 establishes the order of priority among insurers, *Mary Free Bed* makes clear that those provisions do not operate to categorically bar recovery from a lower-priority insurer when the higher-priority insurer's applicable coverage has been exhausted, and additional benefits remain available under another policy. *Id*. Under MCR 7.215(C)(2), we are bound to follow the rule of law established in *Mary Free Bed*. Applying that decision to the undisputed facts of this case, we conclude that plaintiff may seek recovery of allowable expenses from defendants after exhaustion of Geico's higher-priority policy. Geico paid benefits up to the limits of its capped PIP coverage. Defendants' policies provide higher available PIP coverage. Under *Mary Free Bed*, that defendants are lower in the order of priority does not preclude recovery under

-3-

these circumstances.  Because the material facts are undisputed and plaintiff is entitled to judgment as a matter of law under the controlling precedent of *Mary Free Bed*, the trial court erred by granting summary disposition in favor of defendants under MCR 2.116(C)(10) and by denying plaintiff's motion for summary disposition under MCR 2.116(I)(2).[2]

   Reversed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

                                     /s/ Christopher M. Murray
                                     /s/ James Robert Redford
                                     /s/ Michelle M. Rick

---

[2] Progressive also argues that plaintiff is not entitled to penalty interest or attorney fees.  Those are issues for the trial court to consider on remand.