# STATE OF MICHIGAN

# COURT OF APPEALS

---

ESPN, INC.,

        Plaintiff-Appellee,

v

MICHIGAN STATE UNIVERSITY,

        Defendant-Appellant.

FOR PUBLICATION
August 18, 2015
9:25 a.m.

No. 326773
Ingham Circuit Court
LC No. 15-000100-CZ

---

Before: SAWYER, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

In this dispute over the application of the privacy exemption to Michigan's Freedom of Information Act (FOIA), see MCL 15.231, *et seq*., defendant, Michigan State University, appeals by right the trial court's order requiring it to reveal the redacted names of student-athletes who were listed as suspects in incident reports requested by plaintiff, ESPN, Inc. Under the circumstances of this case, we conclude that the trial court did not err when it determined that the exemption did not apply. Accordingly, we affirm.

## I. BASIC FACTS

In September 2014, ESPN submitted a request under FOIA to the University asking it to provide ESPN with incident reports involving a list of student-athletes over a specific period of time. The University produced two sets of records, but redacted the names and identifying information of the suspects, victims, and witnesses. As authority for its decision to redact the names and identifying information, the University cited the privacy exemptions set forth in MCL 15.243(1)(a) and MCL 15.243(1)(b)(*iii*) of FOIA.

In February 2015, ESPN sued the University to obtain the records with the names of the suspects, victims, and witnesses. After holding a hearing, the trial court ordered the University to disclose the names of the suspects if they were one of the 301 student-athletes identified by ESPN in its request. The Court, however, agreed that the privacy exemption applied to the

-1-

names and identifying information of the victims and witnesses, even if the victims or witnesses were one of the student-athletes identified in the request.[1]

The University then appealed in this Court.

## II. THE PRIVACY EXEMPTION

### A. STANDARD OF REVIEW

The University argues that the trial court erred when it determined that the names of the suspects identified in the incident reports were not exempt from disclosure under FOIA. This Court reviews de novo whether the trial court properly interpreted and applied FOIA. *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463, 470; 719 NW2d 19 (2006). This Court reviews the trial court's factual findings for clear error, but reviews its discretionary determinations—such as its application of the balancing test under FOIA—for an abuse of discretion. *Id*. at 472. A trial court abuses its discretion when its decision falls outside the range of principled outcomes. *Id.*

### B. ANALYSIS

The Legislature determined that a public body "may exempt" from FOIA's general disclosure requirement information that is "of a personal nature" if the disclosure of the personal information would "constitute a clearly unwarranted invasion of an individual's privacy." MCL 15.243(1)(a).[2] The exemption has two prongs, which both must be met in order for the exemption to apply: "First, the information must be 'of a personal nature.' Second, it must be the case that the public disclosure of that information 'would constitute a clearly unwarranted invasion of an individual's privacy.' " *Mich Federation of Teachers v Univ of Mich*, 481 Mich 657, 675; 753 NW2d 28 (2008).

The first prong of the privacy exemption, will be satisfied if the information contains " 'intimate' or 'embarrassing' details of an individual" because these are of a personal nature. *Mich Federation of Teachers*, 481 Mich at 675. Further, records containing "private or confidential information relating to a person, in addition to embarrassing or intimate details, is 'information of a personal nature.' " *Id.* at 676.

In *Rataj v Romulus*, 306 Mich App 735, 753; 858 NW2d 116 (2014), this Court stated that a person's name—standing alone—is not information of a personal nature and, on that basis, determined that the privacy exemption did not apply to the names that had been redacted from an incident report. The Court in *Rataj* cited three decisions for this general proposition, but did not

---

[1] ESPN has not challenged the trial court's determination that the privacy exemption applies to the names and identifying information of the victims and witnesses.

[2] On appeal, the parties confine their discussion to whether the trial court properly applied the privacy exemption stated under MCL 15.243(1)(a). We shall similarly limit our analysis to that exemption.

analyze those authorities; instead, it merely concluded that the names were not information of a personal nature. *Id.* Moreover, to the extent that the decision in *Rataj* can be understood to stand for the proposition that a name can never constitute information of a personal nature, that conclusion appears to conflict with this Court's earlier decision in *State News v Mich State University*, 274 Mich App 558, 578; 735 NW2d 649 (2007) (holding that people linked with a crime, whether as a perpetrator, witness, or victim, have an interest in not sharing this information with the public), rev'd not in relevant part 481 Mich 692 (2008), and is inconsistent with our Supreme Court's application of the first prong for determining whether the privacy exemption applies.

It is accurate to state that a person's name does not by itself provide information of a personal nature; but this is true only to the extent that the name is not associated with any personal information about the person named. In order for a name to be useful, the name must normally be associated with some other information. In the context of a police report, a person's name is useful because the report will contain information about the person's actual or purported involvement in the incident. That is, the report will associate the name with specific facts or allegations that may or may not be information of a personal nature. And, in analyzing the first prong of the test for the privacy exemption, our Supreme Court has recognized that the relevant inquiry is whether the information associated with the name is information of a personal nature.

In *Mager v Dep't of State Police*, 460 Mich 134, 135; 595 NW2d 142 (1999), the plaintiff requested that the Michigan State Police provide him with a list of the names and addresses of the persons who owned registered handguns. In determining whether the request was exempt from disclosure under the first prong of the test, the Court did not examine whether the disclosure of names alone constituted information of a personal nature; instead, it stated that the relevant inquiry was whether associating those names with "the fact of gun ownership is 'information of a personal nature.'" *Id.* at 143. The Court then held that gun ownership constituted information of a personal nature: "A citizen's decision to purchase and maintain firearms is a personal decision of considerable importance. We have no doubt that gun ownership is an intimate or, for some persons, potentially embarrassing detail of one's personal life." *Id.* at 143-144. Similar to the analysis in *Mager*, when examining whether the disclosure of a name amounts to information of a personal nature, Michigan courts have consistently framed the inquiry as one involving the information associated with the person named. See, e.g., *Mich Fed of Teachers*, 481 Mich at 676 (holding that the names of employees along with their addresses and telephone numbers were information of a personal nature); *Practical Political Consulting, Inc v Secretary of State*, 287 Mich App 434, 455, 461; 789 NW2d 178 (2010) (stating that the relevant inquiry was whether the voter's name coupled with his or her party preference amounted to information of a personal nature and concluding that party preference is not such information); *Detroit Free Press, Inc v Southfield*, 269 Mich App 275, 282; 713 NW2d 28 (2005) (framing the issue as whether the names of pensioners with the amounts of their pensions constitutes information of a personal nature).

In order to protect the privacy of the person named in a report, a public body might redact the information of a personal nature associated with the named person or, as was the case here, might redact the name of the person involved, but leave the information unredacted. Thus, the issue here is not whether the names of the suspects in the reports amount to information of a personal nature, but whether the revelation of the names when coupled with the information in

the reports constitutes information of a personal nature and, if so, whether the method for protecting the private information was minimally sufficient to avoid an unwarranted invasion of privacy.

As this Court has explained, just being linked with a criminal incident is information of a personal nature: "people linked with a crime, whether as a perpetrator, witness, or victim, have an interest in not sharing this information with the public." *State News*, 274 Mich App at 578. Having one's name appear in a report of a criminal investigation—even in the absence of specific details—necessarily links the person named to the criminal investigation. Even if being identified in a report of a criminal investigation were not by itself information of a personal nature, such a report may include private or confidential details about the persons named in the report. A report of an investigation involving allegations of sexual assault may, by way of example, include intimate details on the suspect's sex life. For that reason, it may sometimes be necessary to examine the facts and allegations associated with the person named in the report to determine whether the disclosure of the person's name amounts to information of a personal nature. See *id.* at 580-582 (stating that the report at issue in that case had to be examined individually to separate the exempt information from the nonexempt information). Nevertheless, in this case, it is unnecessary to examine individually each report to ascertain whether the report includes information of a personal nature about the student-athletes who were identified as suspects. Even if the reports reveal such information, the trial court did not err when it determined that the disclosure of the information did not constitute a clearly unwarranted invasion of an individual's privacy under the second prong of the test. See *Mich Federation of Teachers*, 481 Mich at 675.[3]

The second prong asks "whether disclosure of the information at issue would constitute a clearly unwarranted invasion of an individual's privacy." *Id.* at 682. In making this determination, Courts " 'must balance the public interest in disclosure against the interest [the Legislature] intended the exemption to protect.' " *Mager*, 460 Mich at 145, quoting *United States Dep't of Defense v Fed Labor Relations Auth*, 510 US 487, 495; 114 S Ct 1006; 127 L Ed 2d 325 (1994). " '[T]he only relevant public interest in disclosure to be weighed in this balance is the extent to which disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding of *the operations or activities of the government.*' " *Id.*, quoting *Fed Labor Relations Auth*, 510 US at 495 (emphasis in original). Requests for information on private citizens accumulated in government files which reveal little to nothing about the inner working of government will fail this balancing test. *Id.* at 145-146, citing *Dep't of Justice v Reporters Committee for Freedom of the Press*, 489 US 749, 773; 109 S Ct 1468; 103 L Ed 2d 774 (1989).

---

[3] For this reason, we decline to address the University's argument that the trial court should have reviewed the unredacted reports in camera to ascertain whether there was information of a personal nature.

The disclosure of the names of the student-athletes who were identified as suspects in the reports serves the public understanding of the operation of the University's police department. ESPN seeks the information to learn whether policing standards are consistent and uniform at a public institution of higher learning. The disclosure of the names is necessary to this purpose. In order to determine whether the student-athletes were treated differently from the general student population or from each other on the basis of the student-athlete's participation in a particular sport or the renown of the student-athlete, it is necessary to know the student-athlete's name and the nature of the allegations involved in the investigation. Only then can ESPN compare and contrast the information within the requested reports to both other incident reports and other cases disclosed via news media. Further, ESPN requires the student-athletes' names in order to facilitate further investigation into whether other governmental agencies agreed with the University's handling of a particular student-athlete's case. Consequently, even if revealing the names of the student-athletes in the context of the reports amounts to the revelation of information of a personal nature, that revelation is not unwarranted. MCL 15.243(1)(a). Under the circumstances, the public's interest in government accountability must prevail "over an individual's, or a group of individuals', expectation of privacy." *Practical Pol Consulting*, 287 Mich App at 464.

## III. CONCLUSION

On this record, we cannot conclude that the trial court abused its discretion when it balanced the public's interest in understanding how the University's police department handles criminal investigations involving student-athletes against the student-athletes' privacy interests and determined that the balance favored disclosure. *Herald Co*, 475 Mich at 472. The trial court did not err when it ordered the University to disclose the names of the student-athletes at issue.

Affirmed.

/s/ David H. Sawyer
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro