*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEBBIE SCHLUSSEL, also known as
DEBORAH K. SCHLUSSEL,

UNPUBLISHED
March 26, 2019

Plaintiff-Appellant,

v

No. 341202
Washtenaw Circuit Court

CITY OF ANN ARBOR,

LC No. 17-000838-CZ

Defendant-Appellee.

Before: METER, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

Plaintiff, Debbie Schlussel, appeals as of right an order granting defendant, City of Ann Arbor's, motion for summary disposition. We affirm.

In 2016, the Ann Arbor Police Department (AAPD) reported to the press that it was investigating recent "hate crimes" against Muslim women. The AAPD investigated all such claims and determined that at least two had been completely fabricated. Plaintiff, a journalist, contacted AAPD officials in early 2017 to discover the identity of two women who filed fraudulent hate crime reports with the AAPD. The AAPD did not respond. Plaintiff then sent the AAPD a request for information pursuant to Michigan's Freedom of Information Act (FOIA), MCL 15.231 *et seq*. The AAPD provided plaintiff with a minimally redacted police report falsely made by one woman (who turned out not to be Muslim) and a heavily redacted police report falsely made by another (Muslim) woman. Both police reports indicated that they had been referred to the Washtenaw County Prosecutor's Office with a request to prosecute, but only one woman was prosecuted. Plaintiff filed a complaint alleging that the AAPD and the City of Ann Arbor improperly and illegally denied her FOIA request and that disclosure of the unredacted police report was necessary to ensure government accountability. After an *in camera* review of the unredacted police report, the trial court granted summary disposition in favor of defendant. This appeal followed.

This Court reviews the trial court's decision on a FOIA action de novo. *ESPN Inc v Mich State Univ*, 311 Mich App 662, 664; 876 NW2d 593 (2015). This Court reviews the trial court's

"discretionary determinations—such as its application of the balancing test under FOIA—for an abuse of discretion. A trial court abuses its discretion when its decision falls outside the range of principled outcomes." *Id*. (citation omitted). This Court also reviews the trial court's decision on a motion for summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

Plaintiff contends that the Michigan FOIA permits disclosure of documents identifying a person who was found to have committed a hate crime hoax, even if that person was not charged with a crime. We disagree.

Under the Michigan FOIA, "[e]xcept as expressly provided in section 13," any person who makes a FOIA request to a public body "has a right to inspect, copy, or receive copies of the requested public record of the public body." MCL 15.233(1). "Central to both the broad policy and the implementing mechanisms of FOIA is the concept of accountability." *State News v Mich State Univ*, 274 Mich App 558, 567-568; 735 NW2d 649 (2007), rev'd in part on other grounds by *State News v Mich State Univ*, 481 Mich 692; 753 NW2d 20 (2008). FOIA "allows the citizens of Michigan to hold public officials accountable" by allowing broad access to government information with few limited exemptions. *Id*. at 568. The relevant exemption in this case is the privacy exemption, MCL 15.243(1)(a), which provides that a public body may withhold from disclosure "[i]nformation of a personal nature if public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy."

Our Supreme Court has set forth a two-prong test for the privacy exemption. "First, the information must be 'of a personal nature.' Second, it must be the case that the public disclosure of that information 'would constitute a clearly unwarranted invasion of an individual's privacy.' " *Mich Federation of Teachers v Univ of Mich*, 481 Mich 657, 675; 753 NW2d 28 (2008), quoting MCL 15.243(1)(a).

Our Supreme Court defined information of a personal nature as "private or confidential information relating to a person, in addition to embarrassing or intimate details . . . ." *Id*. at 676. A person's name alone is not information of a personal nature. *Rataj v City of Romulus*, 306 Mich App 735, 753; 858 NW2d 116 (2014). However, a person's name associated with other information may be information of a personal nature: "the relevant inquiry is whether the information associated with the name is information of a personal nature." *ESPN*, 311 Mich App at 666. Information linking an individual with a criminal incident is information of a personal nature. *Id*. at 668. "[P]eople linked with a crime, whether as a perpetrator, witness, or victim, have an interest in not sharing this information with the public." *State News*, 274 Mich App at 579. Other personal identifying information, including home addresses, dates of birth, and telephone numbers, is information of a personal nature within the meaning of the privacy exemption. *Mich Federation of Teachers*, 481 Mich at 680; *Rataj*, 306 Mich App at 754. Finally, other information in police reports, including narrative statements or information about evidence, may not be exempt under the privacy exemption if it does not include information of a personal nature. *State News*, 274 Mich App at 578-579.

If the information in question is "information of a personal nature," the Court must then evaluate the second prong: whether disclosure of the information at issue would constitute a clearly unwarranted invasion of the individual's privacy. *Mich Federation of Teachers*, 481

Mich at 681-682. To do so, the Court must " 'balance the public interest in disclosure against the interest [the Legislature] intended the exemption to protect.' " *Mager v Dep't of State Police*, 460 Mich 134, 145; 595 NW2d 142 (1999), quoting *United States Dep't of Defense v Fed Labor Relations Auth*, 510 US 487, 495; 114 S Ct 1006; 127 L Ed 2d 325 (1994) (interpreting the federal FOIA). " '[T]he only relevant public interest in disclosure to be weighed in this balance is the extent to which disclosure would serve the core purpose of the FOIA, which is contributing to public understanding of *the operations or activities of the government*.' " *Mager*, 460 Mich at 145, quoting *Fed Labor Relations Auth*, 510 US at 495. Information about private citizens that reveals little to nothing about the inner workings of government will fail this balancing test. *Mager*, 460 Mich at 146. Further, mere speculation about government misconduct with no record evidence cannot justify the release of personal information.

In this case, the first prong has been satisfied. The redacted material contains the names of the complainant, her family, and witnesses, as well as the telephone numbers, addresses, identifying information, and medical information about those persons. After an *in camera* review of the unredacted police report and affidavit, the trial court found that all of the redacted information is "information itself of a personal nature," and at the hearing on the motion for summary disposition, plaintiff conceded this point. Therefore, the trial court did not err when it found that all of the redacted information is information of a personal nature, and the first prong of the privacy exemption test has been satisfied. See *Mich Federation of Teachers*, 481 Mich at 676; *ESPN*, 311 Mich App at 664.

However, the second prong's balancing test has not been satisfied. Under *ESPN*, the court balances the public's interest in understanding the workings of government against the private individual's interest in maintaining her privacy. *ESPN*, 311 Mich App at 668-669. Plaintiff has not identified how the redacted information, if released, would help the public understand the workings of the City of Ann Arbor or the AAPD. Plaintiff asserts that the relevant public interest is "to understand if this woman was treated differently from others similarly situated." However, this argument has two flaws.

First, the redacted information sheds no light on how the AAPD treated the claim. The relevant details of the AAPD's investigation were released to plaintiff in the redacted police report. The redacted report still contains detailed information about each officer's involvement in the handling of the case. The entire investigation process and the referral to the Washtenaw County Prosecutor's Office have been made public. This information added to the public understanding of the AAPD's inner workings. However, the complainant's name, address, and medical history are entirely unrelated to the "inner working of government." Disclosure of the redacted information would add nothing to the public's understanding of the AAPD's investigation. Through the disclosure of the redacted police report, plaintiff has already discovered all of the available information about the AAPD's investigation of the complainant. Therefore, the release of complainant's information would be an unnecessary, unwarranted invasion of her privacy because it has no public gain. See *id*.

Second, the AAPD treated the complainant's false complaint in exactly the same way as it treated the other false complaint filed by a non-Muslim. Both police reports were investigated and submitted to the Washtenaw County Prosecutor's Office. Both contained a request to charge the complainants with "a charge of Filing a False Police Report." One woman was charged and

the complainant was not. However, as the trial court recognized, the decision of who to prosecute did not lie with the AAPD. That decision was for the Washtenaw County Prosecutor's Office to make. See *Genesee Prosecutor v Genesee Circuit Judge*, 386 Mich 672, 683; 194 NW2d 693 (1972) (holding that a county prosecutor has the right to exercise discretion in determining how cases shall be prosecuted). The exercise of prosecutorial discretion is a function that the AAPD has no responsibility or authority to do. The AAPD cannot provide any further information regarding possible preferential treatment because it did not make the decision to refrain from prosecuting the complainant. Therefore, the public interest that plaintiff seeks to satisfy simply cannot be satisfied via any further disclosure by the AAPD.

Additionally, plaintiff supports her allegation of possible preferential treatment by the Prosecutor's Office with mere speculation. Plaintiff asserts that there "could be" any number of reasons that justify her claim, including abuse of prosecutorial discretion or some sort of cover-up. However, plaintiff points to no record evidence that supports these allegations. Plaintiff has the relevant information she appears to have sought: the complainant is a Muslim woman, and the woman who was prosecuted for making a false claim is not. Therefore, the complainant's personal information is wholly unrelated to the public interest plaintiff asserts. The release of complainant's information would be an unwarranted invasion of her privacy because it leads to no public gain. For these reasons, the second prong of the privacy exemption test has not been satisfied. Consequently, the trial court did not err when it found that the AAPD had properly redacted information from the police report and plaintiff's promise that she will uncover some evidence before trial is insufficient to survive a motion for summary disposition under MCR 2.116(C)(10). See *Maiden*, 461 Mich at 121.

Affirmed.

/s/ Patrick M. Meter
/s/ Deborah A. Servitto
/s/ James Robert Redford