*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHARLES BLACKWELL,

UNPUBLISHED
January 12, 2023

        Plaintiff-Appellant,

v

No. 362565
Court of Claims
LC No. 22-000014-MZ

UNIVERSITY OF MICHIGAN REGENTS,

        Defendant-Appellee.

Before: CAVANAGH, P.J., and O'BRIEN and RICK, JJ.

PER CURIAM.

Plaintiff, Charles Blackwell, appeals as of right the August 12, 2022 opinion and order of the Court of Claims granting summary disposition under MCR 2.116(C)(10) in favor of defendant, University of Michigan Regents, in this action brought under the Freedom of Information Act (FOIA), MCL 15.231 *et seq*. We affirm.

## I. BASIC FACTS AND PROCEDURAL BACKGROUND

Plaintiff submitted a FOIA request to the University of Michigan (the university) seeking a copy of a December 7, 2021 anonymous "incident report"[1] that was submitted to the university alleging that then-President Mark Schlissel had engaged for several years in a sexual affair with a subordinate employee at the president's house and on "development trips."[2] After an investigation revealed that former President Schlissel's interactions with the subordinate employee were "inconsistent with promoting the dignity and reputation of the University of Michigan[,]"

---

[1] The incident report is referred to in the lower court documents as an "anonymous complaint" and will be referred to as such in this opinion.

[2] The individual named was a subordinate employee of former President Schlissel. The name of the individual was included in the anonymous complaint but was redacted.

defendant terminated Schlissel's employment as President on January 15, 2022, for materially breaching the terms of his employment agreement.

On the same day, plaintiff e-mailed a written FOIA request to the university's FOIA office seeking a copy of the anonymous complaint. On February 8, 2022, the university's FOIA office granted plaintiff's request in part and provided plaintiff with a copy of the anonymous complaint with the name of the subordinate employee removed "pursuant to Section 13(1)(a)[3] of the [FOIA], which allows the University to refrain from disclosing information that would constitute an unwarranted invasion of an individual's privacy."

Plaintiff sought judicial review of the university's decision to redact the subordinate employee's name in the Court of Claims. Plaintiff alleged that the employee's name was not information of a personal nature and that disclosure of the employee's name would not constitute a clearly unwarranted invasion of the employee's privacy. Defendant moved for summary disposition, asserting that the university had produced all of the information needed to satisfy FOIA's purpose and that the name of the subordinate employee was exempt from disclosure because the name, when coupled with the allegation in the anonymous complaint, was private in nature and intimate and embarrassing. Defendant also asserted that disclosure of the employee's name would not shed light on former President Schlissel's misconduct or the university's inner workings related to that misconduct. It maintained that the only relevant detail about the redacted information was that the individual was a subordinate of former President Schlissel. In response to defendant's motion, plaintiff argued that the employee's name was not information of a public nature and that the public's interest in knowing who took part in the "gross abuse of power and resources" outweighed the invasion of privacy.

The Court of Claims granted summary disposition in favor of defendant. The court found that the subordinate employee's name, in the context of the allegations in the anonymous complaint, would provide "intimate, embarrassing, private, or confidential details" about that individual. The court therefore concluded that the name sought was itself information that qualified as "intensely personal in nature." The court also found disclosure of the name of the person involved with former President Schlissel would not serve the "core purpose" of the FOIA because the disclosure would not shed light on the operations of government or a government agency. The court stated that plaintiff "had not articulated any argument suggesting otherwise." The court concluded, therefore, that invasion of the employee's privacy was clearly unwarranted and that the redacted information was properly withheld under FOIA's privacy exemption.

## II. STANDARD OF REVIEW

A trial court's ruling on a motion for summary disposition is reviewed de novo. *Houston v Mint Group, LLC*, 335 Mich App 545, 557; 968 NW2d 9 (2021). Summary disposition is appropriate under MCR 2.116(C)(10) where there is "no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). When reviewing a decision on a motion for summary disposition under MCR 2.116(C)(10), the court considers the affidavits, pleadings, depositions, admissions, and other

---

[3] MCL 15.243(1)(a).

admissible documentary evidence then filed in the action or submitted by the parties in the light most favorable to the nonmoving party. *Buhl v City of Oak Park*, 507 Mich 236, 242; 968 NW2d 348 (2021) (citation omitted).

"This Court reviews de novo whether the trial court properly interpreted and applied the FOIA." *Mich Open Carry, Inc v Dep't of State Police*, 330 Mich App 614, 621; 950 NW2d 484 (2019). The trial court's factual findings underlying its application of FOIA are reviewed for clear error. *Id*. "A finding is clearly erroneous if, after reviewing the entire record, this Court is left with a definite and firm conviction that a mistake was made." *Id*. Whether a public record is exempt from disclosure under FOIA is also reviewed de novo. *Id*. at 625.

"[C]ertain FOIA provisions require the trial court to balance competing interests." *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463, 470; 719 NW2d 19 (2006). "[W]hen an appellate court reviews a decision committed to the trial court's discretion, such as the balancing test at issue in [FOIA] case[s], . . . the appellate court must review the discretionary determination for an abuse of discretion and cannot disturb the trial court's decision unless it falls outside the principled range of outcomes." *Id*. at 472.

## III. ANALYSIS

In *Rataj v City of Romulus*, 306 Mich App 735, 748-749; 858 NW2d 116 (2014), this Court described FOIA as follows:

> FOIA is a manifestation of this state's public policy favoring public access to government information, recognizing the need that citizens be informed as they participate in democratic governance, and the need that public officials be held accountable for the manner in which they perform their duties. Our Supreme Court has repeatedly described FOIA as a "prodisclosure statute," and this Court has held that FOIA's disclosure provisions must be interpreted broadly to ensure public access. While it is true that FOIA contains several exceptions to the duty to disclose, these exemptions must be construed narrowly, and the burden of proof rests with the party asserting an exemption. Under FOIA, a public body must disclose all public records that are not specifically exempt under the act. [Quotation marks and citations omitted.]

FOIA provides several ways in which information in public records may be exempt from disclosure. *Id*. at 753. The privacy exemption, MCL 15.243, provides in pertinent part:

> (1) A public body may exempt from disclosure as a public record under this act any of the following:

> (a) Information of a personal nature if public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy.

The privacy exemption has two prongs: "First, the information must be of a personal nature. Second, it must be the case that the public disclosure of that information would constitute a clearly unwarranted invasion of an individual's privacy." *Mich Federation of Teachers v Univ of Mich*, 481 Mich 657, 675; 753 NW2d 28 (2008) (quotation marks and citations omitted). With

respect to the first prong, information is of a personal nature if it reveals embarrassing, intimate, private, or confidential details about an individual. *Id*. at 676. Although a person's name alone is not information of a personal nature in the absence of special circumstances, *Rataj*, 306 Mich App 753, "the relevant inquiry is whether the information associated with the name is information of a personal nature." *ESPN, Inc v Mich State Univ*, 311 Mich App 662, 666; 876 NW2d 593 (2015). To determine if a disclosure would result in a clearly unwarranted invasion of privacy under the second prong of the privacy exemption, Michigan courts employ the core purpose test developed in *Mager v Dep't of State Police*, 460 Mich 134, 145; 595 NW2d 142 (1999). Under that test, the court balances the public interest in disclosure against the interest the Legislature intended to protect by way of the exemption. *ESPN, Inc*, 311 Mich App at 669 (citation omitted). "[T]he only relevant public interest in disclosure to be weighed in this balance is the extent to which disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding of *the operations or activities of the government*." *Id*. (quotation marks and citations omitted). "Requests for information on private citizens accumulated in government files that reveal little to nothing about the inner working of government will fail this balancing test." *Id*.

Plaintiff contends that the Court of Claims erred when it granted summary disposition in defendant's favor because the court misapplied the holding in *Booth Newspapers, Inc v Kalamazoo Sch Dist*, 181 Mich App 752; 450 NW2d 286 (1989).[4] In *Booth Newspapers, Inc*, the plaintiff newspaper requested and "was denied copies of the tenure charges concerning allegations of sexual misconduct against an unnamed teacher and the settlement agreement between that teacher and the school district." *Id*. at 754. With that agreement, the tenure proceedings were ended without any formal resolution of the charges. The plaintiff brought suit to compel disclosure of the requested information and the circuit court decided that the privacy exemption precluded release of the identities of the teacher and those students involved in the allegations of the teacher's sexual misconduct, but that the requested information, redacted to exclude personal identities, should otherwise be disclosed. *Id*. On appeal, this Court noted that in *State Employees Ass'n v Dep't of Mgt & Budget*, 428 Mich 104; 404 NW2d 606 (1987), several tests emerged from the differing opinions of the justices with regard to the standard to be applied to the privacy exemption. *Booth Newspapers, Inc*, 181 Mich App at 755. However, this Court concluded, "the same result should be reached in this case, regardless of which test is applied." *Id*. The Court opined that

> an accusation of sexual misconduct against an identified person employed as a public teacher is intensely personal in nature, although the contents of the accusation without reference to any individuals would not appear to implicate substantial privacy concerns. Regardless of what factors are weighed as public interests—plaintiff's interests in publishing newsworthy items, the readers' interests in being apprised of newsworthy matters, or the school district constituents' interests in the governance of public schools—the public interest does not outweigh the invasion of privacy that would follow from disclosure of the identity of the accused. Under any of the balancing tests advanced in *State*

---

[4] Plaintiff is correct that *Booth Newspapers, Inc*, is not binding because it was decided before November 1, 1990. MCR 7.215(J)(1).

*Employees*, we conclude that the circuit court decision to disclose the information redacted of identities achieved the striking of a proper balance. [*Id*. at 758.]

Plaintiff argues that the Court of Claims erred by relying on *Booth Newspapers, Inc*, for the "proposition that a name itself is information that qualifies as 'intensely personal in nature,' " because *Booth Newspapers, Inc*, is nonbinding and because the court's finding is inconsistent with the holding in *Rataj*, 306 Mich at 753, that a person's name is not information of a personal nature. However, plaintiff has misconstrued the court's ruling. Indeed, the court specifically agreed with plaintiff that under *Rataj* a person's name is usually not information of a "personal nature." The court held that in the context of the allegations in the present case, however, disclosure would provide intimate, embarrassing, private, or confidential details about the person and, therefore, under that circumstance the name itself qualified as "intensely personal in nature." Plaintiff does not specifically challenge the court's factual finding that the allegations in the anonymous complaint provided intimate, embarrassing, private, or confidential details about the subordinate employee.

Caselaw after *Rataj*, however, has similarly concluded that a name, when coupled with other information in a report, can constitute information of a personal nature. For example, in *ESPN, Inc*, 311 Mich App at 665-667, this Court stated:

> [T]o the extent that the decision in *Rataj* can be understood to stand for the proposition that a name can never constitute information of a personal nature, that conclusion appears to conflict with this Court's earlier decision in *State News v Mich State Univ*, 274 Mich App 558, 578; 735 NW2d 649 (2007) (holding that "people linked with a crime, whether as a perpetrator, witness, or victim, have an interest in not sharing this information with the public"), rev'd in part on other grounds 481 Mich 692; 753 NW2d 20 (2008), and is inconsistent with our Supreme Court's application of the first prong for determining whether the privacy exemption applies.

> It is accurate to state that a person's name does not by itself provide information of a personal nature; but this is true only to the extent that the name is not associated with any personal information about the person named. In order for a name to be useful, the name must normally be associated with some other information. In the context of a police report, a person's name is useful because the report will contain information about the person's actual or purported involvement in the incident. That is, the report will associate the name with specific facts or allegations that may or may not be information of a personal nature. And, in analyzing the first prong of the test for the privacy exemption, our Supreme Court has recognized that the relevant inquiry is whether the information associated with the name is information of a personal nature.

> \* \* \*

> In order to protect the privacy of the person named in a report, a public body might redact the information of a personal nature associated with the named person or, as was the case here, might redact the name of the person involved, but leave

the information unredacted.  Thus, the issue here is not whether the names of the suspects in the reports amount to information of a personal nature, but whether the revelation of the names when coupled with the information in the reports constitutes information of a personal nature and, if so, whether the method for protecting the private information was minimally sufficient to avoid an unwarranted invasion of privacy.

In the present case, the question is whether the subordinate employee's name was personal information when coupled with the information in an anonymous complaint filed with the university regarding former President Schlissel.  See *id*.; see also *Mager*, 460 Mich at 143 (declining to consider in a vacuum whether the names and addresses of registered gun owners were personal information, but instead considering whether gun ownership and registration was information of a personal nature).  The anonymous complaint identified the person "engaged in this behavior" as "Mark Schlissel–President" and identified the "department involved" as "Office of the President."  The report stated that "President Schlissel has been having a sexual affair with [redacted]."  The Court of Claims did not err when it determined that the subordinate employee's name, coupled with this allegation in the anonymous complaint, would provide "intimate, embarrassing, private, or confidential" details about that individual and was information of a personal nature.  The first prong was satisfied.

As to the second prong, plaintiff argues that the Court of Claims abused its discretion when balancing the public's interest in disclosure with the employee's right of privacy.  Plaintiff contends that because the individual with whom former President Schlissel allegedly had a relationship was a public employee, the public had a right to know the identity of the person.  In support of this contention, plaintiff cites *Practical Political Consulting v Secretary of State*, 287 Mich App 434, 465; 789 NW2d 178 (2010), and asserts that the "disclosing of the public official name is a core purpose of the FOIA act."  But the allegations in the anonymous complaint did not pertain to the conduct of the subordinate employee or her governmental role but rather, to the conduct of former President Schlissel.  Plaintiff also refers to the public's interest in "government accountability regarding an inappropriate fraternization and misconduct scandal."  However, plaintiff does not explain what the subordinate employee is accountable for.  Plaintiff has not alleged that the employee violated any employment agreement or university policy, or otherwise engaged in any wrongdoing.[5]  As the Court of Claims noted, plaintiff does not explain how disclosure of the subordinate employee's name would "shed light on the operations of the government or a governmental agency."  Disclosure of the identity of the subordinate employee would appear to do little to advance FOIA's core purpose and would not reveal any information related to the operations or activities of the government.  See *Mager*, 460 Mich at 145.  Notably, the nonredacted information in the documents provided in response to the sum of plaintiff's FOIA

_____

[5] Plaintiff asserts that the employee "engaged in inappropriate conduct using university resources and property."  In the absence of proof of an employment agreement or policy prohibiting an employee from participating in a relationship with another employee, plaintiff has not demonstrated that the employee's relationship with former President Schlissel was inappropriate from the employee's perspective.  Further, plaintiff did not present any evidence that the employee improperly used university resources and property.

requests and to the public does speak to this function: the documents illustrate what the anonymous complaint was, how it was investigated, the name of the public official, and the ultimate disposition. The public interest does not outweigh the invasion of privacy that would follow from disclosure of the subordinate employee's identity. Disclosure of the information would constitute a "clearly unwarranted invasion" of the subordinate employee's privacy. The second prong of the exemption was satisfied.

With both prongs of the exemption satisfied, the Court of Claims did not abuse its discretion by finding that the subordinate employee's name was exempt from disclosure. Redaction of the subordinate employee's name struck the right "balance between preserving the informative value of the records sought and protecting the individual's right to privacy." *Detroit Free Press, Inc v Dep't of Consumer & Industry Servs*, 246 Mich App 311, 321; 631 NW2d 769 (2001) (quotation marks and citation omitted). The court properly granted summary disposition in favor of defendant.

Affirmed.


/s/ Mark J. Cavanagh
/s/ Colleen A. O'Brien
/s/ Michelle M. Rick