*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STATE NEWS,

Plaintiff-Appellee,

v

MICHIGAN STATE UNIVERSITY,

Defendant-Appellant.

UNPUBLISHED
March 20, 2025
11:30 AM

No. 372307
Court of Claims
LC No. 24-000012-MZ

Before: CAMERON, P.J., and GARRETT and MARIANI, JJ.

PER CURIAM.

In this dispute over the application of the privacy exemption of Michigan's Freedom of Information Act (FOIA), MCL 15.231 *et seq*., defendant appeals as of right the Court of Claims order denying its motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) and MCR 2.116(C)(8) (failure to state a claim), and granting summary disposition to plaintiff under MCR 2.116(I)(2) (opposing party entitled to summary disposition). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Under the State School Aid Act of 1979, MCL 388.1601 *et seq*., when "allegations against an employee are made in more than [one] [T]itle IX complaint that resulted in the public university finding that no misconduct occurred," the university's Title IX Officer is required to "promptly notify the president or chancellor and a member of the public university's governing board in writing[.]" MCL 388.1841b(2)(e). In 2023, plaintiff submitted two FOIA requests for "notifications of MSU employees with more than one allegation made to the Office of Institutional Equity [OIE] with no finding of misconduct." Defendant complied with the requests, but redacted the names of the employees in the notifications. Defendant denied plaintiff's appeal of the redactions, so plaintiff filed suit in the Court of Claims.

Plaintiff alleged defendant violated FOIA by redacting the names. Defendant moved for summary disposition, arguing that the identities of the employees in question were exempt from disclosure under MCL 15.243(1)(a). The Court of Claims disagreed, reasoning that, although the information sought was of a personal nature, the need to protect the individuals' privacy did not

outweigh the public's interest in government accountability. Therefore, it denied defendant's motion and granted summary disposition in favor of plaintiff. Defendant now appeals.

## II. STANDARD OF REVIEW

A trial court's decision to grant summary disposition is reviewed de novo. *Rataj v Romulus*, 306 Mich App 735, 746; 858 NW2d 116 (2014). "A motion brought under MCR 2.116(C)(8) tests the legal sufficiency of the claim on the pleadings alone to determine whether the plaintiff has stated a claim on which relief may be granted." *Rataj*, 306 Mich App at 746-747 (quotation marks and citation omitted). "The motion must be granted if no factual development could justify the plaintiff's claim for relief." *Id*. at 747 (quotation marks and citation omitted). "A motion brought under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim." *Rataj*, 306 Mich App at 747 (quotation marks and citation omitted). "The court considers the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted or filed in the action to determine whether a genuine issue of any material fact exists to warrant a trial." *Id*. (quotation marks and citation omitted). "Summary disposition is proper under MCR 2.116(C)(10) if the affidavits and other documentary evidence show that there is no genuine issue concerning any material fact and that the moving party is entitled to judgment as a matter of law." *Rataj*, 306 Mich App at 747 (quotation marks and citation omitted). "On the other hand, summary disposition is proper under MCR 2.116(I)(2) if the court determines that the opposing party, rather than the moving party, is entitled to judgment as a matter of law." *Rataj*, 306 Mich App at 747 (quotation marks and citation omitted).

"This Court reviews de novo whether the trial court properly interpreted and applied FOIA." *ESPN, Inc v Mich State Univ*, 311 Mich App 662, 664; 876 NW2d 593 (2015). Factual findings are reviewed for clear error, but discretionary determinations are reviewed for abuse of discretion. *Id*. "A trial court abuses its discretion when its decision falls outside the range of principled outcomes." *Id*.

## III. ANALYSIS

Defendant argues the Court of Claims erred in determining that the employee names were not exempt from disclosure under MCL 15.243(1)(a) and concluding that defendant violated FOIA by redacting the names in its response to plaintiff's FOIA requests. We disagree.

"FOIA is a manifestation of this state's public policy favoring public access to government information, recognizing the need that citizens be informed as they participate in democratic governance, and the need that public officials be held accountable for the manner in which they perform their duties." *Rataj*, 306 Mich App at 748 (quotation marks and citation omitted). FOIA is recognized to be a "prodisclosure statute," and its "disclosure provisions must be interpreted broadly to ensure public access." *Id*. (citation omitted). "[E]xemptions must be construed narrowly, and the burden of proof rests with the party asserting an exemption." *Id*. (quotation marks and citation omitted).

Defendant redacted the names of the employees in the OIE notifications under MCL 15.243(1)(a) ("the privacy exemption"), which provides that a public body may exempt from disclosure "[i]nformation of a personal nature if public disclosure of the information would

constitute a clearly unwarranted invasion of an individual's privacy." This exemption has two prongs: (1) the information must be "of a personal nature[,]" (2) which, if disclosed publicly, "would constitute a clearly unwarranted invasion of an individual's privacy[.]" *Bitterman v Village of Oakley*, 309 Mich App 53, 62; 868 NW2d 642 (2015) (quotation marks and citations omitted). The parties do not dispute whether the information was of a personal nature; they challenge only the second prong on appeal—whether public disclosure would be an unwarranted invasion of the employees' privacy.

In determining whether public disclosure is an unwarranted invasion of privacy, "courts must balance the public interest in disclosure against the interest the Legislature intended the exemption to protect." *ESPN*, 311 Mich App at 669 (quotation marks, brackets, and citation omitted). "The only relevant public interest in disclosure to be weighed in this balance is the extent to which disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding of the operations or activities of the government." *Id*. (quotation marks, brackets, citation, and emphasis omitted). "Under Michigan's FOIA, citizens are entitled to obtain information regarding the manner in which public employees are fulfilling their public responsibilities." *Detroit Free Press v Warren*, 250 Mich App 164, 168-169; 645 NW2d 71 (2002). "In all but a limited number of circumstances, the public's interest in governmental accountability prevails over an individual's, or a group of individuals', expectation of privacy." *Rataj*, 306 Mich App at 751 (quotation marks and citation omitted).

The Court of Claims held that "the public has an interest in [defendant's] accountability for holding its employees liable for sexual harassment and misconduct in order to protect students and others." Defendant argues that the "negligible contribution" the names would provide to the public's understanding is outweighed by the "significant and obvious" invasion of the individual employees' privacy interests. It bolsters this argument by emphasizing that there were no findings of misconduct for the individuals whose names plaintiff sought. It also contends there may be certain notifications in which an employee was identified, but the complaint was ultimately dismissed for unrelated reasons, and asserts the limited disclosure provided did not prevent plaintiff "from obtaining the portion of the OIE notifications that it [was] entitled to[,]" because "[t]he names of employees with no findings does not shed light on whether [defendant] is complying with the State School Aid Act[.]" But defendant's arguments do not squarely address plaintiff's purpose for seeking the notifications. As plaintiff explained in its appeal to defendant regarding the redactions:

> We seek these records because they provide insight into the university's handling of sexual misconduct. It's not about the cases as individual matters relating to individual employees, it's about the unusual circumstance of the same people being reported multiple times and then repeatedly being cleared of wrongdoing. As demonstrated by MSU's Larry Nassar, and other predators across the country like Robert Anderson, Jerry Sandusky, and Scott Shaw, cases that start like these are clearly of great public interest. These records, and others like them, would greatly contribute to the public's understanding of what MSU is doing to prevent another case like those.

The fact that defendant did not make findings of misconduct against its employees does not necessarily diminish the public's interest in understanding defendant's internal operations. In

fact, it furthers the purpose of plaintiff's request: to determine whether defendant was properly investigating employees who were reported multiple times for sexual misconduct. We reject defendant's straw man argument that, because the notifications themselves, regardless of their contents, demonstrate that defendant was complying with the State School Aid Act, the redactions did not hinder plaintiff's purpose. We are also persuaded by plaintiff's argument that it will be able to differentiate any cases that were ultimately dismissed on unrelated grounds by further investigation into the names provided. As the Court of Claims correctly noted:

> With the names redacted from the notifications, [plaintiff] cannot determine how many times any particular individual was cleared. [It] cannot compare the information to other sources of sexual misconduct reports to determine if [defendant] correctly dismissed the complaints. Like in *ESPN*, "[t]he disclosure of the names is necessary to" [plaintiff's] purpose.

Defendant contends that the notifications "do not offer any substantive insight into the manner in which [it] handles RVSM [Relationship Violence and Sexual Misconduct] and Title IX proceedings[,]"noting that "[p]laintiff is free to request information about [defendant's] policies for RVSM and Title IX proceedings, or even reports rendered in actual cases." As plaintiff explains on appeal, however, that is precisely what it was trying to do. Plaintiff sought unredacted notifications so it could further its investigation and "request the investigative records relating to only those employees who are the subject of the notifications."

Defendant provides no argument on appeal as to why the names sought, in the context of the actual purpose underlying plaintiff's request, did not serve the public interest. "A party cannot simply assert an error or announce a position and then leave it to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search

for authority either to sustain or reject his position." *Mitchell v Mitchell*, 296 Mich App 513, 524; 823 NW2d 153 (2012). Defendant bore the burden of showing that the privacy exemption applies in this case. *Rataj*, 306 Mich App at 748. Defendant has not satisfied that burden.[1]

Affirmed.

/s/ Thomas C. Cameron
/s/ Kristina Robinson Garrett
/s/ Philip P. Mariani

---

[1] To the extent defendant argues the Court of Claims erred by relying on *ESPN* and ignoring *Booth Newspapers, Inc v Kalamazoo Sch Dist*, 181 Mich App 752; 450 NW2d 286 (1989), *Booth* is distinguishable from this case. In *Booth*, the parties settled and there was no final resolution concerning the alleged misconduct, which meant the requested information concerned only "bare allegations." *Id*. at 757. By contrast, in this case, for a notification to be generated, defendant had to have completed an investigation into the allegation and determined that no misconduct occurred. See MCL 388.1841b(2)(e). Further, defendant's attempt to distinguish *ESPN* because *ESPN* concerned a comparison of a small group of students against the overall student population and involved requests for more detailed police reports is unpersuasive. Like plaintiff in this case, ESPN sought the information "to learn whether policing standards [were] consistent and uniform at a public institution of higher learning." *ESPN*, 311 Mich App at 669. ESPN could only investigate this issue if it knew the names of the actual students who were allegedly being treated differently. *Id*. Simply put, the purpose of ESPN's request was wholly undermined by the defendant's refusal to provide the names of the students involved—which is precisely what happened in this case.